## KITTREDGE *vs.* FOLSOM, Exr.

It is necessary that all claims against an estate which is not represented insolvent, should be exhibited to the executor or administrator before a suit is commenced ; but no demand is necessary other than such as is implied from such exhibition.

An administration granted by the judge of probate, as upon an intestate estate, where the domicil of the deceased was within his jurisdiction, is not a mere nullity, and absolutely void; notwithstanding a will be afterwards presented and approved, and the administration revoked.

Acts in which third persons have an interest, done by such administrator in due course of administration, before the production and probate of the will, are generally valid, and bind the executor.

And where the individual to whom administration is granted is the same person who is appointed executor, such administration is an original administration within the terms of the statute of July 2, 1822, which provides that no action shall be sustained against an executor or administrator if commenced at any time within one year after the original grant of administration.

Where a suit is commenced against an executor or administrator within one year from the time of the probate of the will, or grant of letters of administration, as the time is particularly within the knowledge of the defendant, if he will avail himself of the objection it must be taken in abatement.

The exhibition of a demand to the executor or administrator before suit, being made a prerequisite to the maintenance of the action, the plaintiff must, if required, prove such exhibition upon the general issue; but it need not be averred in the declaration.

ASSUMPSIT upon promises of Benjamin Kittredge, the testator.   1. Upon an account annexed—2, for work and labor —3, money had and received—and 4, money paid.   The action was commenced on the 2d of June, 1832.

The defendant pleaded—1, the general issue, which was joined.

2.  That the plaintiff never exhibited the demands declared on, to the defendant, before the service of the writ ; on which there was an issue to the country.

3.  That the plaintiff, between the time when the defendant took administration, on the 15th of February, 1832, and the commencement of the suit, never made any demand

upon the defendant for payment of the demand declared on; to which there was a demurrer and joinder.

4. That the original administration, as executor of the will of said Benjamin Kittredge, was granted to the defendant, 15th of February, 1832, and not before; and that the suit of the plantiff was commenced against him before the expiration of one year from the said 15th of February.

To this the plantiff replied, That on the 17th of March, 1830, the defendant was duly appointed and commissioned by the judge of probate administrator of the goods, &c., which were of said Benjamin Kittredge, and took upon himself that trust, which said appointment was and is the first and original grant of administration; and that the suit aforesaid was not commenced against the defendant before the expiration of one year from said 17th of March, 1830.

The defendant rejoined, that the administration mentioned in the replication, as having been granted 17th March, 1830, was granted on the estate of said Benjamin Kittredge, as an intestate estate; that afterwards, on the 6th of May, 1830, an instrument purporting to be the last will of said Benjamin Kittredge, and purporting a disposition of his whole estate, was, by Richard Melvin, as guardian of George Kittredge, a minor son of said Benjamin, presented for probate before the judge of probate for said county of Rockingham, at a court of probate holden at, &c.; that such proceedings were had that the cause was carried by appeal to the superior court of judicature, and continued to the term thereof holden on the first Tuesday of January, 1832, when said instrument was, by a decree of said court, fully proved and approved as and for the last will of said Benjamin, as by the record, &c., and the said decree, with the said will, remanded to the court of probate for further proceedings; that in and by said will the plaintiff was named the executor thereof, and in case of his refusal, the defendant was named executor; that after the decree aforesaid, the plaintiff refused to take upon himself the trust of executing the same, and

that thereupon, at a court of probate holden at, &c., on the 15th of February, 1832, administration under the said will, with letters testamentary on the estate of said Benjamin, as a testate estate, was granted to the defendant, which administration is the same as that set forth in his fourth plea aforesaid. Demurrer and joinder.

5. That the said Benjamin Kittredge died on the 8th of January, 1830, and that he never promised the plaintiff within six years before his death ; on which issue was joined.

*Porter, Bell,* and *Pillsbury,* for the plaintiff. 1. The statute does not require a demand of payment. It requires an exhibition of the demand to the executor or administrator, for the purpose of giving him notice of the claim. When the creditor has exhibited his claim he has done all that the statute requires, and need not afterwards make a demand. Were it not for the requisition of the statute, such exhibition would not be necessary before a suit could be brought. When the declaration is upon a precedent debt or duty, no demand is necessary. The third plea means something more than that the demands were not exhibited, as that is denied by the second.

2. It may be correct, as a general principle, that an administration granted when there is a will, is a nullity. 1 *Plowd.* 276, *Graysbrook* vs. *Fox ;* 1 *Salk.* 27, *Jacob* vs. *Allen.* But the principle is not of universal application. There are many cases in which it is not so regarded. Thus a sale of goods by the administrator, in payment of charges the executor is bound to pay, as funeral expenses, is good. 1 *Williams on Ex'rs* 368; 5 *Co.* 30, *b, Coulter's case ;* 1 *Lord Raym.* 661, *Parker* vs. *Kett.* And payment of a debt to an executor is good, notwithstanding the probate is afterwards revoked. 8 *East.* 187, *Elden* vs. *Keddall.*

In a case subsequent to 1 *Salk.* 27, Holt, C. J., overruled that case, and nonsuited the executor. 2 *Lord Raym.* 1210, *Pond* vs. *Underwood.* And this was approved by Lord Mansfield, 4 *Burr.* 1986, *Sadler* vs. *Evans.*

Where an administrator has paid debts which the executor would be compelled to pay, he shall retain against the executor. 1 *Williams on Exrs.* 373, 145; *Bac. Abr., Executors, &c., E.* 13. In 5 *Barn. & Ald.* 744, *Woolley* vs. *Clarke,* the authorities do not seem to have been considered; and there also the defendant had notice of a later will.

An executor under a revoked will, who had no notice of the revocation, and who had paid debts and legacies, was allowed for those payments. 1 *Chan. Cas.* 126; 3 *Wash. Rep.* 122.

Legal acts, done by an executor in his own wrong, will bind the rightful executor. 5 *Co.* 30, *b;* 1 *Plowd.* 282; 1 *Ld. Raym.* 661; 1 *Williams* 145, 146; 4 *East* 454. And in 3 *D. & E.* 127, *Allen* vs. *Dundas,* it was held that where the ordinary revokes an administration, and grants another, the mesne acts are valid. So where probate was revoked, because made on the oath of incompetent witnesses, it was held that receipts of money due, and payment of debts, were lawful acts. 15 *Serg. & Rawle* 39, *cited* 1 *Williams* 340, *n,* 2.

If a disseizor endow a woman that hath lawful title, it shall bind him that hath right, if it was done *bona fide.* So if a colorable steward assemble the tenants, his acts are good.

The defendant was in as administrator, and that was far enough for the plaintiff to look. And the defendant has no right to complain that the first grant is treated as an original administration, for he might at any time have paid the debt. In *Lord Raym.* 661, a distinction is taken between him who has color without right, and him who has neither color or right. The defendant had color of right. For more than a year before the suit, he had been acting as administrator; and it is not competent for him to set up an allegation that his authority is void.

3. This is matter in abatement and not in bar. 2 *N.H.R.* 475, *Clements* vs. *Swain.* It shows a mere temporary disability to sue. 1 *Ld. Raym.* 1056; 6 *Co.* 7; 1 *Chitty's Pl.* 434.

In a plea of administration revoked and committed to another, it is necessary to aver that the defendant has fully administered, or that he has delivered over the goods to another. 2 *Williams* 1196 ; 1 *ditto* 373 ; 6 *Co.* 18, *Packham's case.*

*C. H. Atherton, Bartlett,* and *Betton,* for the defendant.

1. A demand may be exhibited at any time within two years. It may be exhibited instantly after the taking of administration. But the administrator is not bound to pay, and it is his duty not to pay, within the first year. If, then, an administrator is liable to be sued without demand, on claims exhibited during the first year, (and all claims may be so exhibited) the duty devolves upon him, immediately on the expiration of that year, to hunt up the creditors, for the purpose of paying them. This would burden the estate with great expense.

An administrator, too, is in the character of a trustee, who is not liable until after demand. So in the case of an attorney, or agent, of which capacity an administrator partakes in relation to the creditors of an estate.

If the demand shall be exhibited after the expiration of the first year, when it is the duty of the administrator to be ready to pay, and to pay, the exhibition of the claim is of itself a demand, and would support a replication of a demand, in answer to a plea of no demand. If on such exhibition of a demand after the year, the administrator does not pay, it is his own laches, and he must hunt up the creditor to pay him, at his own expense.

An administrator must have an opportunity to pay without costs to himself or the estate. The doctrine contended for is the only one that can give him that opportunity. The contrary doctrine involves the solecism, that the most vigilant administrator cannot protect the estate from costs, and costs large in amount, on the claims against it.

When the estate is administered upon as an insolvent es-

tate, and a proportion made among the creditors, the administrator is not bound to go after the creditors, to pay them, nor is he liable to any suit for non-payment until demand upon him.

Kittredge
*vs.*
Folsom.

Our statute requires, not only that the demand should have been exhibited within two years from the time of the original grant of administration to the executor or administrator acting as such at the time of the exhibition, but also that it shall be exhibited to the executor or administrator, sued before a suit is instituted. This shows that an executor or administrator is not to be sued until he has an opportunity to pay without suit.

So far as authorities go they all shew the necessity of a demand. *Heath, J. P.* vs. *Gay*, 10 *Mass.* 371 ; *Dawes, J. P.* vs. *Swett*, 14 *Mass.* 105 ; *Prescott, J. P.* vs. *Parker*, 10 *Mass.* 429.

2. There can be only one original grant of administration on the same estate, under the same jurisdiction. Two original grants under our statute is a solecism. There cannot be one original grant for some purposes, and another original grant for other purposes. One or the other of the administrations in this case must stand as the original administration, both as to the rights of creditors, and as to the duties and the protection of the executor and the protection of the estate. The authorities are all one way, that an administration, as on an intestate estate, is void *ab initio* where there is a will. The representation that the deceased died intestate, is false, and being so, nothing valid can be founded on it. Such an administration is a mere nullity. The ordinary is incapable of divesting the executor's interest. If the administration be void, the mesne acts of such administrator are of no validity. *Toller on Executors*, (*Phil. ed.*, 1829,) 121—128, *and the authorities there cited.* It is necessarily so, for the proceedings under the intestacy may be quite contrary to the proceedings required by the will, and embarrass the executor, instead of aiding him in any respect.

There can be no doubt that the original grant of administration named in the statute applies to one and the same grant, and not to diverse grants. It is that grant that recognizes no prior grant, and no continuance of an already granted administration. It is that grant after which, if another administration be granted, this second is only of the estate not administered under the first.

The circumstance that the executor is the same person as the administrator who obtained letters, as on an intestate estate, cannot affect the question as to which is the original grant of administration.

As to the nullity of an administration where there is a will, see the subject fully and strongly treated in *Williams on Executors, vol.* 1, *chap. III., p.* 367, *and the various authorities there referred to.* See, also, *Holyoke* vs. *Haskins, 5 Pick.* 27. Wilde, Justice, says—The grant of administration being void, the case stands on the same footing as though no administration had been granted.

3. The matter of the fourth plea may be pleaded in bar as well as in abatement. 2 *Lord Raym.* 1249, *Facquire* vs. *Kynaston.* The case *Clements* vs. *Swain,* 2 *N. H. R.* 475, is overruled by *Mathes* vs. *Jackson,* 6 *N. H. R.* 105. This is matter of form, and not of substance, and the replication has cured the defect. *Com. Dig., Pleader,* Q, 7 ; 6 *Dane's Dig., chap.* 180, *art.* 1, *sec.* 9 ; 1 *Fairfield's Rep.* 202, *Knox* vs. *Silloway ;* 8 *Petersdorff* 8 ; 13 *ditto* 279 ; 9 *Pick.* 62, *Slack* vs. *Lyon & a ; Gould's Pl.* 469, 474, 166.

But if this should have been in abatement, and not in bar, the fact should have been averred in the declaration, which is bad for that reason, and the first fault is with the plaintiff.

PARKER, J. The first question which arises in this case is, upon the sufficiency of the third plea, which alleges that the plaintiff, between the time when the defendant took administration under the will of Benjamin Kittredge, which

he avers was on the 15th day of February, 1832, and the commencement of the suit, never made any demand upon the defendant for payment.

We are of opinion that this plea is no sufficient answer to the plaintiff's action. The claims of the plaintiff, as set forth in his writ, are not of such a nature as to require a special demand, in order to sustain a suit against the testator in his lifetime; and of course no such demand is necessary in order to maintain a suit against his representative, unless made so by the positive requisition of the statute; and that does not require a demand of payment. The statute of July 2, 1832, relating to the powers and duties of a judge of probate, &c., provides " that no action, for any cause of action against a person deceased, shall be sustained against the executor or administrator, if commenced at any time within one year after the original grant of administration; nor shall any such action be ever sustained against any executor or administrator unless the demand was exhibited to the executor or administrator, or one of the executors or administrators sued. And no such action shall ever be sustained, unless the demand, whether payable or not, was exhibited within two years from the original grant of administration to the executor or administrator acting as such at the time of the exhibition; but every remedy for the recovery thereof against any executor or administrator shall be barred." There are certain provisos, not material in the consideration of this case.

The statute makes an exhibition of the claim to the executor or administrator a necessary prerequisite to the maintenance of a suit. But this plea was not intended to deny that the claims had been exhibited, for that is the allegation in the second plea which is traversed; and, as the statute has required nothing more, there is no ground upon which the plea can be sustained.

It has been urged that there would be hardship in requiring the executor to go to the creditor to make payment; but

we do not discover this hardship. Nothing is required of him more than was required of his testator, nor is he subjected to any greater burden than his testator had voluntarily assumed. In fact, the provisions of the statute may relieve him in many cases from a burden which must have fallen on the testator; for the statute requires the exhibition of the claims to him, in order that he may have notice who are in fact creditors. If he have assets at the time of such exhibition he may then pay, and thus not be compelled to seek the creditor, as the testator must have done. The demurrer to the third plea must therefore be held to be well taken.

Whether an administrator upon an insolvent estate is bound to pay dividends, upon the decree of the judge, without a demand, is a question not raised in this case, and not settled by this decision. Reasons may exist for requiring the creditor to apply for the amount of his dividend, in such case, which have no application here.

Upon the fourth plea, with the replication and rejoinder thereto, several questions have arisen. The plea alleges that the original administration, as executor of the will of Benjamin Kittredge, was granted to the defendant, 15th of February, 1832, and not before, and that the suit of the plaintiff was commenced before the expiration of one year from that time. To this the plaintiff replies, that the defendant was appointed, by the judge of probate, administrator of said estate, March 17, 1830, and took upon himself that trust—that said appointment was the first and original grant of administration, and that the suit was not commenced before the expiration of one year from said 17th of March, 1830. The rejoinder admits these facts, but sets forth that this was a grant of administration as upon an intestate estate; that afterwards, an instrument purporting to be the last will of said Benjamin Kittredge, and purporting a disposition of his whole estate, was presented May 6, 1830, for probate, before the judge of probate; that the same was fully proved and approved in the supreme court of probate.

at January term, 1832; that the plaintiff was named executor in said will, and on his refusal, the defendant,—and that on the plaintiff's refusal, administration under the will, with letters testamentary on said estate as a testate estate, was granted to the defendant, which administration is the same as that set forth in his fourth plea.

The first question raised by the demurrer is upon the sufficiency of this rejoinder. The statute, as we have seen, provides that no action, for a cause of action against the deceased, shall be sustained against an executor or administrator, if commenced within one year after the original grant of administration. This suit was commenced June 2, 1832. If, therefore, the administration under the will granted to the defendant on the 15th of February, 1832, is to be regarded as the original grant of administration in this case, the action was in fact commenced before the period when it could rightfully have been instituted; but if the administration taken by the defendant March 17, 1830, may be regarded as an original administration, the rejoinder is insufficient.

That the latter was the first actual administration is apparent; and unless that administration was entirely void, by reason of the existence of the will which has since been proved, there seems to be no objection to holding it an original administration for the purpose of this suit.

The statute requires the exhibition of the demand to the executor or administrator against whom the suit is commenced, before its institution; but the limitation of the term of one year in which it may not be commenced does not date from the appointment of the administrator against whom the suit is instituted, but from the time of the original grant of administration, to whomsoever it may be made. It can be of no consequence, therefore, that the defendant has received an authority to administer the estate as executor, under the will, within a year prior to the time when the suit was instituted, if his appointment as administrator, prior to that time, was of such validity that it can be regarded as an original grant of administration upon the estate.

It is admitted that the question is, whether the administration granted to the defendant, as upon an intestate estate, was or was not a nullity; and it is contended that it was wholly void, and authorities are cited to show that all acts done under it are entirely void, and of no effect.

The law is laid down in 1 *Williams on Executors*, 367, that if administration be granted on the concealment of a will, and afterwards a will appear, inasmuch as the grant was void from its commencement, all acts performed by the administrator in that character shall be equally void; and for this the case of *Abram* vs. *Cunningham, reported* 2 *Lev.* 182, *T. Jones* 72, and in several other books, is cited.

But in the next page of the same writer it is said, "It 'should seem, however, that as between the rightful repre-'sentative, and the person to whom the executor or admin-'istrator under a void probate or grant of letters has aliened 'the effects of the deceased, the act of alienation, *if done* '*in due course of administration*, shall not be void. Thus 'in the case of *Graysbrook* vs. *Fox*, above mentioned, it was 'laid down by the court that if the sale had been made to 'discharge funeral expenses, or debts which the executor or 'administrator was compellable to pay, the sale would have 'been indefeasible forever." 1 *Williams* 368: and so is the case, *vide* 1 *Plowd.* 282.

Now, how any thing can be done in due course of administration, where the administration and every thing done under it is merely and wholly void, it is difficult to discover. The due course of that which had no rightful existence, but was a mere nullity, would seem to be the due course of wrong, or nonentity, and presents a solecism somewhat worse than two original grants of administration on the same estate. The position, also, that a purchaser can obtain an indefeasible title from the void act of one whose supposed authority is a mere nullity, seems to have more of legerdemain than of law in it.

Again—It is said in the same author, "It must be observed

' that whether the probate or letters of administration be ' void or voidable, if the grant be by a court of competent ' jurisdiction, a *bona fide* payment to the executor or admin- ' istrator, of a debt due to the estate, will be a legal dis- ' charge to the debtor." 1 *Williams* 370. That is to say, that the payment of a debt to him who has no authority to receive it, and whose act in receiving it is a void act, is a good discharge to him who owed the debt.

In *Allen* vs. *Dundas*, 3 *D. & E.* 125, the court held that payment to an executor who had obtained probate of a forged will, was a discharge to the debtor, notwithstanding the probate was afterwards avoided in the ecclesiastical court; on the principle that the debtor could not have controverted the title of the executor so long as the probate was unrepealed, and might well pay when he could make no defence. See also 8 *East* 189; *Bac. Abr., Executors, &c., E.* 13.

So where administration is granted, and afterwards there appears to be an executor, if the administrator has paid debts, legacies, or funeral expenses, he may retain, because he was compelled to pay; and the true executor has no prejudice, for he would have been bound to pay them. And in *Graysbrook* vs. *Fox*, Weston, Justice, was of opinion that the sale of the goods by the administrator was indefeasible, although it was not shown that they were sold to discharge debts or funeral expenses. 1 *Plowd.* 279.

There is evidently an inaccuracy in the use of the term *void*, in many instances in the books, upon this and other subjects; and the attempt to reconcile all the authorities upon the matter now under consideration must be in vain. An administration granted by the competent authority, upon a proper case made, can with no propriety be termed a nullity, and all the acts of the administrator held to be void, notwithstanding a will may afterwards appear and the administration be revoked. 6 *Co.* 19, *Packman's case;* 2

*Lev.* 90, *Semine* vs. *Semine.* The acts of such administrator must be quite as valid as those of an executor under a will which has been revoked by the testator. The grant of administration confers an existing authority, which cannot be resisted or disregarded until the will appears. 1 *Lev.* 235, *Noel* vs. *Wells.* The administrator in such case comes into his office by color of an authority. *Plowd.* 282. He is administrator *de facto,* and his acts, done in due course of administration, must be valid, at least so far as third persons are concerned. 7 *N. H. R.* 131. A distribution to those not entitled may perhaps form an exception. The circumstance that an executor is said to derive his authority from the testator, cannot affect the principle ; for until it appears that the deceased has exercised the power, and made an appointment, the judge of probate has the right, and is bound to grant administration. The attempt, therefore, to draw a distinction between a grant of administration in derogation of the right of the executor, and one in derogation of the right of the next of kin, holding the former void, and the latter only voidable, is not well sustained. The judge of probate has jurisdiction to allow a will, if one is presented, and if not, to grant administration. He may well grant the latter when there is no evidence that the former has any existence, and his act in doing so is not to be held entirely void, because in derogation of the right of an executor, who has perhaps occasioned the act by his own neglect.

It is said that there are many things which an executor may do before probate. 1 *Bac. Abr., Executors, &c., E,* 14 ; 3 *N. H. R.* 517, *Strong* vs. *Perkins.* But where an administration has been granted, an individual, by virtue of being named executor in a paper purporting to be a will, cannot control the acts of such administrator except by a probate of the will. In no other way can it appear that the administration is not well granted ; for the will may be entirely ineffectual by reason of a want of sanity in the testa-

tor, or because it was procured by fraud, or has been revoked, &c.

And it may well deserve consideration, whether under our statute of July 2, 1822, (which provides that no person shall intermeddle with the estate of any person deceased, or act as the executor or administrator thereof, or be considered as having that trust, until he shall have given bond to the judge of probate,) an individual named executor can do any act as such until after the probate of the will. The bonds are to be given to the judge upon the probate of the instrument.

The defendant in this case, under his first appointment as administrator might have commenced a suit upon a demand due to the estate, and have prosecuted it to judgment if the time had permitted, and no defence could have been made to it. The production of a will without probate would have been of no avail. 16 *Mass. R.* 442, *Dublin* vs. *Chadbourne;* 1 *Pick.* 547, *Laughton* vs. *Atkins ; ditto* 114, *Shumway* vs. *Holbrook ;* 4 *D. & E.* 260, *The King* vs. *Netherseal.*

So a suit might have been commenced against the defendant as administrator, on the lapse of a year ; and to such suit the existence of a will without probate, or a plea that he was not rightful administrator, would have been no bar.

Payment, then, made to him, *bona fide*, must operate as a discharge of the debtor ; and payment by him of a debt which the deceased owed, would be a valid act, for which he might retain, if the estate was solvent.

How far notice of a will might have afterwards affected his liability to a third person who was rightful executor, it is not necessary now to consider. 5 *B. & Ald.* 744, *Woolley* vs. *Clark.*

Had this suit been commenced against him as administrator after the lapse of a year without the production of the will, he must have plead to the merits. Perhaps had

the will in such case been proved before trial, and a third person been executor, he might have plead the matter in bar of the further maintenance of the suit.

But we see no sound principle upon which he could have done this, had he himself, being the executor, taken letters testamentary during the pendency of the suit. There would in such case be no sufficient reason why the suit, which had been well commenced, should be defeated, in order that another should be instituted against him for the same cause, describing him as executor instead of administrator. 5 *N. H. R.* 342, *Giles* vs. *Churchill.* He might have paid as administrator, and been protected. He might continue the defence, if he thought proper, under his character as executor.

So we think a suit commenced by him as administrator before probate, could not have been defeated by a plea that since the last continuance he had proved the will, and been accredited as executor instead of administrator. It would be a mere change of his title of office, so far as the prosecution of such suit was concerned. It would be otherwise in case a third person had been appointed executor.

We have not, therefore, laid out of consideration the circumstance that the same individual who took the administration is the rightful executor, because his acts might in our opinion be continued ; and no doubt all he had done under the administration, not in conflict with the provisions of the will, may be carried into the account of his administration, and allowed in the probate court, as if he had acted as executor in the first instance.

Upon the facts in this case, then, we hold that the grant of the administration on the 17th of March, 1830, was the original grant of administration within the terms of the statute. Whether we must have arrived at a different conclusion had that grant been to a third person, and the suit commenced against the defendant before the expiration of a year from the probate of the will, we do not determine.

The fact that the acts of such administrator, not in deroga- tion of the provisions of the will, must be held valid as far as third persons were concerned, would certainly tend to give such an administration the character of an original ad- ministration within the meaning of the act. The circum- stance, however, that the executor might not have had knowledge of the condition of the estate, or have been able to collect the assets so as to make payment, must be weighed in such case, and upon this we give no opinion.

As the rejoinder, for these reasons, must be adjudged in- sufficient, it is not essential to the decision of the cause to consider the objections made to the plea. But as it seems to have been supposed that the case, *Clements* vs. *Swain*, 2 *N. H. R.* 475, has been overruled in effect by *Mathes* vs. *Jackson*, 6 *N. H. R.* 105, we have considered this objec- tion.

We see no reason to depart from the doctrine of *Clements* vs. *Swain*, and have had no intention to overrule it. The lapse of a year constitutes no part of the gist of the action, but the statute creates a temporary disability to sue. The objection is not in bar of the claim, but in avoidance of the particular suit. The precise time of granting the adminis- tration is within the knowledge of the executor or admin- istrator ; and if he wishes to avail himself of the objection, it is proper that he should plead it in avoidance of the suit at the first term, that the plaintiff may have notice that he intends to rely on it ; and the action may be sustained without any proof of the lapse of time, by the plaintiff, if the matter is not pleaded.

On the other hand, the exhibition of the claim to the executor or administrator is something to be done by the plaintiff, as a prerequisite to the maintenance of the suit. He is therefore bound to make it out affirmatively, in order to sustain his action ; and there seems to be no good reason to require the defendant to plead in the negative that it was not exhibited, but he may well rely on the want of proof

of the fact by the plaintiff, as in cases where notices are required to be given to officers before actions can be sustained against them. But this exhibition of the claim is not necessary to the existence of the debt, which existed before, and need not be averred in the declaration. Such averment seems not to be usual in case of notices. *See authorities cited in Mathes* vs. *Jackson,* 6 *N. H. R.* 107. There is, therefore, no defect in this respect.

Whether the error in pleading matter in bar, which should have been plead in abatement, would have been cured by pleading over, if that had been the only exception, need not now be considered.

The action must be transferred to the court of common pleas, for the trial of the issues of fact, but upon the demurrer, there is

*Judgment for the plaintiff.*