## MORGAN v. DODGE.

Independent of the statute provisions, the court of probate has power to revoke letters testamentary, or letters of administration, where they have been issued without jurisdiction; where they have been irregularly or illegally issued; or where they have been issued for a special cause which no longer exists.

Where the proper bond is not given by an executor, the administration is suspended; and the claims of creditors are not barred by neglect to present them, or to commence suits upon them while the suspension continues.

Where a residuary legacy is, in terms, of personal property only, and it appears that there is no other property undisposed of, a bond may be given to pay debts and legacies.

The court may receive evidence of the condition of the estate, in order to determine if a legacy is residuary.

THIS is an appeal from a decree of the court of probate, made January 15, 1862, declaring void the appointment of the appellant as executrix of the will of her late husband, and revoking her letters testamentary.

The original decree, made May 14, 1856, recites that Comfort Morgan, the executrix named in the will of William Morgan, deceased, being the residuary legatee, having accepted the trust and given bond, as the law directs, to pay debts, legacies, &c.

The decree appealed from denies that she was residuary legatee, and on that ground declares her appointment void, and revokes the letters testamentary.

Richard Dodge, the appellee, alleges that he is a creditor of the estate of William Morgan. The appellant denies that he is a creditor, inasmuch as his claim is barred, never having been presented to the executrix, and no suit having been commenced upon it within three years. The appellee answers that there has been no administration upon the estate.

The clause in the will of William Morgan, under which the appellant claims to be residuary legatee, is as follows:

"I devise all of my real estate, situated in said Seabrook, and in Salisbury, in the county of Essex, &c., to Comfort Morgan during widowhood," remainder over, &c. "All the rest, residue and remainder of my personal estate whatsoever, after payment of my just debts, I give, &c., to said Comfort Morgan, whom I appoint executrix," &c.

It was admitted, for the purpose of this case, that the real estate, as above described in the will, was in fact all the real estate of the testator.

*S. M. Wilcox*, for the appellant.

1. We say, that without regard to the question whether the executrix was residuary legatee or not, the judge of probate had no power to declare the former decree void, or to revoke the letters testamentary. The statute provides that where an executor, by reason of absence, or infirmity of body or mind, or of wasteful and fraudulent management, shall become unfit for the discharge thereof, or unsafe to be trusted therewith, the judge of probate, upon due notice given, may revoke such administration. Rev. Stat., ch. 158,

sec. 10. And such trust may be revoked under any circumstances, with the consent of the executor, when it shall appear to the judge of probate to be proper. *Ib.*, sec. 11. Any person aggrieved by any decree, order or appointment, &c., may appeal, but such appeal must be claimed within sixty days, or allowed by this court in certain cases within two years. Rev. Stat., ch. 170, secs. 1, 2, and 7. And every decision is to stand, unless altered, modified, or reversed by this court, on appeal. *Ib.*, sec. 12.

The judge of probate then has no authority to interfere with any decree, order, or appointment, which has been made by himself or any former judge, except in the cases specified in the 10th section first above cited.

The petition in the present case was not founded upon any of the provisions of that statute, neither does it set forth any facts which can bring it within it, and the reappointment of the appellant is conclusive upon that point.

But the judge has undertaken to revise, review, and revoke an appointment made by his predecessor, not upon any new facts or circumstances which have come to light since the original appointment, but upon the facts as they then existed. This is, we say, an unwarranted and illegal assumption of power. To give him this power would defeat the object the statute was intended to accomplish — the speedy settlement of the estates of persons deceased — as well as render nugatory the provisions and limitations in relation to appeals, or indirectly give the party all the benefits of an appeal, where he had expressly or impliedly waived that right.

If there was any irregularity or error in the former proceedings, the only method of correcting it was by appeal, and we submit that this is the only safe rule; otherwise where would the matter end? The decree made by one judge may be revoked by another, and reinstated by a third, and so on, indefinitely.

We submit that by the neglect to take an appeal under the statute, and by long acquiescence in the decision of the judge of probate, the error or irregularity, if any there be, has been waived, and the petitioner is now estopped from setting it up.

2. We say that this petitioner has no right to interfere in the matter at all. He is not an existing creditor of the estate, whatever he may once have been; because there is no evidence or allegation that he ever presented his claim; and we deny that he has ever commenced any suit within the three years limited by the statute. The statute then obtains against him, and he can not now be said to be a creditor, or to stand in that position. In fact this whole proceeding is a mere dodge, to avoid this statute bar.

3. Comfort Morgan was residuary legatee under the will of her husband. Aside from the admitted fact that the testator had no real estate except in the two towns named, we say that, by the terms of the will itself, she was entitled to all the property, after the payment of the debts and funeral expenses. There is no pretense but that the third item covers all the personal estate, and the devise in the second is of all his real estate, and the terms, " situated in Seabrook and Salisbury," is mere description, and this, we say, is the

true reading of the will. But with the fact admitted that all his real estate was in those towns, there can be no question about it. The testator directs the payment of his debts, &c., and then the remainder of his estate goes to his wife, the executrix, and that constitutes her residuary legatee.

*F. O. French*, for the appellee.

1. The probate court could not know from the will that the real estate in two towns was all the real estate of the testator, and that the residue of his personal property was the residue of his estate. Such a bequest does not authorize giving bond to pay debts and legacies. *Tappan* v. *Tappan*, 24 N. H. 408; see 30 N. H. 67.

But the appellant relies upon the fact, admitted for the purposes of this trial, that the real estate described was in fact all the real estate of the testator. Is this competent when its object is to alter the construction which the court must put upon this will? As this plainly enlarges and changes the operation of the will, and is not offered to explain any ambiguity, it is contended that such evidence is incompetent and inadmissible. Would it be agreed, the facts being so, that a legacy of $1,000 to an executor could be shown to be in fact the residue of an estate over and above debts and charges, and such executor thereby authorized to give bond to pay debts and legacies? In principle such case does not differ from what the appellant wishes to do here. It is insisted that the uniform rule should be laid down as in the cases cited, namely, that the court shall be able upon the document to give it its proper character from "the language of the will."

2. It is said the petitioner is not a creditor, and that he is bound by the statute of limitations.

This is begging the question whether the decree of 1856 was valid or not. If not, the statute has not commenced to run against this claim, which will live at least while this property of the testator remains and is unadministered upon. While the appellant relies upon one statute to avoid a just debt, part of the purchase money of the property she holds, she can not complain of a strict, yea, a technical construction of the statute by which she claims title.

3. It is not material to this case to inquire whether the judge of probate has authority to amend or reëxamine a decree within the jurisdiction of his court, and in all respects regular, although carefully first stated and chiefly discussed in the appellant's brief. A judgment or decree, irregular on its face, may be questioned collaterally.

BELL, C. J. It is contended that if administration is granted improperly, the only remedy is by appeal; but the law can not be laid down so broadly. A judgment of the court of probate upon any matter within its jurisdiction, not appealed from, is conclusive to the same extent as a judgment of a court of common law. *Bryant* v. *Allen*, 6 N. H. 116; *Ham* v. *Ayers*, 22 N. H. 423; *Tibbetts* v. *Tilton*, 24 N. H. 120; *Merrill* v. *Harris*, 26 N. H. 517.

A grant of letters testamentary, or of letters of administration,

follows a decision of the court upon the matters alleged in the petition upon which the proceedings are founded, and the matters relied upon in answer to the petition. Such decision is binding and conclusive upon the parties to the proceeding and their privies, that is, upon all who appear and take part in the proceeding, and upon all who were duly notified and had a right to be heard and to take an appeal, as to all matters directly in issue upon the hearing; *King* v. *Chase*, 15 N. H. 1; while they are not concluded as to any matter not in issue, or not necessarily involved in the proceeding, or as to any matter of which they could not avail themselves, because it did not then exist, or was unknown to the parties interested. *Wilson* v. *Edmands*, 24 N. H. 517.

In this State courts of probate are courts of record. *Tebbetts* v. *Tilton*, 24 N. H. 120. They exercise many powers solely by virtue of the provisions of our statutes; but they have a very extensive jurisdiction not conferred by statute, but by a general reference to the existing law of the land, that is, to that branch of the common law known and acted upon for ages, the probate or ecclesiastical law. *Kimball* v. *Fisk*, 39 N. H. 120. An unusual number of the most necessary and useful rules of the common law in relation to the estates of persons deceased, have been embodied in our statutes; but by no means the main body of the common law on this subject. And the courts of probate have an extensive jurisdiction of which the statutes take no particular notice. This jurisdiction is conferred and recognized by the Constitution (pt. 2, sec. 80), and by the Revised Statutes (ch. 152, sec. 3), which provide that every judge of probate within his county has jurisdiction of the probate of wills and of granting administration, and of all matters and things of probate jurisdiction relating to the sale, settlement, and final distribution of the estates of deceased persons.

The Supreme Court has no original jurisdiction, though it is the court of appeal in probate matters; so that all the authority known to our laws in relation to the subject in question belongs, in the first instance, to the courts of probate, perhaps with the exception of some cases of equitable jurisdiction.

By the Revised Statutes (ch. 158, sec. 10), it is provided that "if any executor or administrator, by reason of absence, or any infirmity of body or mind, or by wasteful or fraudulent management in his trust, shall become unfit for the discharge thereof, or unsafe to be trusted therewith, the judge of probate, upon due notice given, may revoke such administration;" (and by sec. 11) "such trust may be revoked under any circumstances, with the consent of the executor or administrator, when it shall appear to the judge to be proper." These provisions have no application to the present case, and as there is no inconsistency between them and the common law relative to other cases of revocation, no repeal of the common law can be implied. *State* v. *Wilson*, 43 N. H. 415.

It is settled by the authorities that at common law the grant of letters testamentary and of letters of administration may be revoked, either upon appeal or by a suit upon a citation. 2 Bac. Ab., Ex'ors, E, 12; 1 Wms. Ex'ors 463; Toller Ex., b, 1, ch. 2, sec. 8.

And there are many cases where the courts of probate may remove such executors or administrators, beside those enumerated in the statute; and in these enumerated cases it is believed they had the same power at common law which the statute aims to confer. *Ofley* v. *Best*, 1 Sid. 373; *Price* v. *Parker*, 1 Lev. 158; *Thomas* v. *Butler*, Vent. 219; *Dubois* v. *Trant*, 12 Mod. 438; *Hills* v. *Mills*, 1 Salk. 36; *Goods of Jenkins*, 3 Phill. 33; 1 Com. Dig., Adm., B, 8; 4 Burns' Eccl. Law 292; Bac. Ab., Ex'ors, E, 12; 1 Wms. Ex. 481.

These cases fall into three classes. First, where the probate court has no jurisdiction, and consequently its proceedings are absolutely void; *State* v. *Richmond*, 26 N. H. 239; *Tibbetts* v. *Tilton*, 31 N. H. 273; *Sigourney* v. *Sibley*, 21 Pick. 101; 22 Pick. 507; but where it is nevertheless proper that the probate, or letters of administration, should be revoked before a new appointment is made, to prevent abuses and preserve order in the records. Toller 75, 126; *Allen* v. *Andrews*, Cro. Eliz. 283; *Rains* v. *Com. of Cant.*, 7 Mod. 146; *Pratt* v. *Stark*, Cro. Eliz. 315; *Loton* v. *Loton*, 1 Hagg. 683; 1 Wms. Ex. 478; though it was formerly held otherwise, Owen 50; 4 Burns' Eccl. Law 293; Godolph. Orp. Leg., pt. 2, ch. 31, sec. 4.

Of this class are the cases where the deceased was not "last an inhabitant of the county" in and for which the court is held, or if not being last an inhabitant of this State, he had no estate in the county. Rev. Stat., ch. 152, sec. 7; *Cutts* v. *Haskins*, 9 Mass. 543; *Holyoke* v. *Haskins*, 5 Pick. 20; *Wilson* v. *Frazier*, 2 Humph. 30; *Johnson* v. *Corpinning*, 4 Ired. Eq. 216; 1 Wms. Ex. 478.

Analogous cases in England would be the grant of letters testamentary, or of administration, by a bishop, where there were *bonâ notabilia*, or by an archbishop, where there were none. Com. Dig., Adm., B, 8; 1 Lev. 305; *Ravenscroft* v. *Ravenscroft*, 1 Wms. Ex. 478; *Allen* v. *Andrews*, Cro. Eliz. 283; *Blackborough* v. *Davis*, 1 Salk. 38.

Or where the judge is interested as heir or legatee, executor or administrator, or as guardian, or trustee of any person. Rev. Stat., ch. 152, sec. 10; *Cottle*, *Appt.*, 5 Pick. 480; *Coffin* v. *Cottle*, 9 Pick. 283; *Sigourney* v. *Sibley*, 21 Pick. 101; 22 Pick. 507.

So where a will is proved, or letters of administration are granted, where the person supposed to be dead is still living, the powers of the court being limited to the estates of deceased persons. Rev. Stat., ch. 152, sec. 3; *Hooper* v. *Stuart*, 25 Ala. 408; *Goods of Napier*, 1 Phill. 83.

Of the second class are the cases where the judge of probate has jurisdiction, but, by mistake or otherwise, the probate, or letters of administration, are issued irregularly, or illegally. In these cases the proceedings are not void, though they may be avoided, and the letters revoked. *Kittredge* v. *Folsom*, 8 N. H. 109; Com. Dig., Adm., B, 9; 1 Salk. 38; *Blackborough* v. *Davis*, Ray 224; *Syms* v. *Syms*, 2 Lev. 90; *Semine* v. *Semine*, 6 Co. 18; *Packman's Case*, Cro. Eliz. 460; *Wilson* v. *Packman*, Moor 396; 1 Wms. Ex. 479; 2 Rob. Wills 63; 2 Bac. Ab., Ex'ors, E, 12; Toller Ex'ors, b, 1, ch. 2, sec. 8.

Such are the cases where a will has been proved and letters testamentary issued, and a subsequent will has been produced and proved. 1 Wms. Ex'ors, 478; Went. Ex. 111, 112.

Where letters of administration have been granted, and there is a will then unknown. *McCord* v. *Fisher*, 13 B. Mon. 193; *Moore* v. *Smith*, 11 Rich. (S. C.) Law 569; *Jacob* v. *Allen*, 1 Salk. 27.

Where a will offered for probate in common form has been adjudged not proved, letters of administration have been issued, and the will is, upon appeal, subsequently proved in solemn form. *Kittredge* v. *Folsom*, 8 N. H. 109; *Patten's Appeal*, 31 Penn. St. 465.

In these cases it was formerly held that the probate or administration was wholly void. *Graysbrook* v. *Fox*, Plowd. 280; *Abram* v. *Cunningham*, 2 Lev. 185.

So where a will has been proved in common form, and letters testamentary issued, and upon proceedings in solemn form it is not proved. 1 Wm. Ex. 478.

Where there is an executor duly appointed and acting, with powers not limited by the will, and an administrator is appointed *de bonis non; Creath* v. *Brent*, 3 Dana 129; *Springs* v. *Erwin*, 6 Ired. 27; *Griffith* v. *Frazier*, 8 Cra. 9; *Mathews* v. *Daubthill*, 7 Ala. 273; though it is said that in these cases the appointment is a nullity.

Where administration is granted without such notice as the law requires, *non vocatis jure vocandis.* 1 Wm. Ex. 479; *Harrison* v. *Weldon*, Stra. 911; *Harrison* v. *Mitchell*, Fitzgib. 303; S. C., *Ravenscroft* v. *Ravenscroft*, Lev. 305; 1 Com. Dig., Adm., B, 8.

Where administration is granted without notice, to a person not entitled, upon false suggestion as to the facts or by fraud or surprise; Fitzgib. 303, above; *Anon.*, 3 Salk. 22; *Carew's Case*, And. 303.

Where administration is granted to creditors, or remote kindred, before those previously entitled by law have voluntarily renounced their trust, or have neglected for thirty days to apply for administration. Rev. Stat. ch. 158, sec. 5; *Munsey* v. *Webster*, 24 N. H. 126; *Stebbins* v. *Lathrop*, 4 Pick. 33; Com. D., Adm., B, 8; 1 Salk. 38, above; *Anon.* Hetley 48; *Price* v. *Parker*, Lev. 157; *Mills* v. *Carter*, 8 Blackf. 203; *Thompson* v. *Hackett*, 2 Hill, S. C. 347; Toller 125; 1 Sid. 293, above.

So where letters testamentary, or of administration, have been granted to a minor, or other person legally incompetent; *Carver* v. *Mowatt*, 2 Ed. Ch. 57.

The third class consists of cases where a qualified or limited administration has been granted upon a special occasion, and the cause of such special grant has ceased; as, if administration is granted during minority of an executor, and he has arrived at full age, and applies for letters testamentary; *Fricke* v. *Thomas*, 1 Salk. 39; 1 Ld. Raym. 667, S. C.; or *pendente lite*, during a suit about a will, and the will is established, and the suit otherwise terminated; *Kittredge* v. *Folsom*, 8 N. H. 109; or *durante absentia*, during the executor's absence, and he has returned; *Slaughter* v. *May*, 1 Salk. 42; 2 Ld. Raym. 1071, S. C.; *Pipon* v. *Wallace*, Cas. t. Lee. 402; *Rainsford* v. *Taynton*, 7 Ves. 460; or because of incapacity, and the executor or next of kin is restored to competency; Gib. Cod. 479; *Ofley* v. *Best*, 1 Sid. 372, 373; Com. D., Adm., B, 8; 4 Burns' Eccl. Law 293; Wms. Ex. 429; *Goods of Newton*, 3 Curt. 428; or until a will, supposed to exist in a foreign country, shall be produced, and such

a will is proved. *Goods of Metcalfe*, 1 Add. 343; *Howell* v. *Metcalfe*, 2 Add. 348; *Goods of Campbell*, 2 Hagg. 555; 1 Wms. Ex. 426.

In none of the two last classes of cases, it is thought, can the probate, or letters of administration, be impeached collaterally, and generally they remain in force until regularly revoked. 1 Wm. Ex. 463; *Burnley* v. *Duke*, 2 Rob. Va. 102. So generally the acts done by the administrator *de facto* are valid until revocation; 8 N. H. 78, above; 31 Penn. St. 465, above; *Foster* v. *Brown*, 1 Bailey 221; *Bigelow* v. *Bigelow*, 2 Ham. 138; 11 Vin. Ab., Ex., M, 10, sec. 10; *Price* v. *Nesbit*, 1 Hill Ch. 445. And sales made and discharges given are binding upon the executor or administrator subsequently appointed; *Digby* v. *Wray*, 3 Bac. Ab. 51; *Parkman's Case*, 6 Co. 186; Cro. Eliz. 459, S. C.; 1 Salk. 38, above; Ray 224, and Lev. 90, S. C.; *Stevens* v. *Langley;* and if he pays debts, legacies, funeral expenses, &c., he will be allowed for them. *Parkman's Case*, Plowd. 279; Chan. Cas. 126; 3 T. R. 125; though all the cases can not be reconciled with these views.

Such administration is deemed the original administration, within the terms of the acts limiting suits against administrators. 8 N. H. 98, above.

No administrator can be removed without legal cause; Com. D., Adm., B, 8; 1 Wms. Ex.479; 1 Fonb. Eq., b, 4, pt. 2, ch. 1, sec. 5; 3 Bac. Ab., Ex., E, 12; *Grandison* v. *Dover*, Skin. 155; 3 Mod. 23, S. C.; *Taylor* v. *Shores*, T. Jones 161; *Stover* v. *Ludwig*, 4 S. & R. 201; *Price* v. *Ricker*, Lev. 157; 1 Sid. 293, above; 1 Lev. 18, S. C.; nor without a citation, or notice to be heard; *Wingate* v. *Wooton*, 5 S. & M. 245; *Murray* v. *Oliver*, 3 B. Mon. 1; *Gasque* v. *Moody*, 12 S. & M. 153; *Bisber's Appeal*, 11 Penn. St. 157; 1 Wms. Ex. 463.

The decree appealed from declares the appointment of the appellant as executrix void, and revokes the letters testamentary issued to her, on the ground that no legal bond has been given by her. The jurisdiction of the court is not questioned, and there is nothing which shows that any question was raised or considered by the court as to the form of the bond; and the only question is, whether the appointment was properly revoked for that cause. The statute requires that the executor named in the will, being of age and capable, and who has not renounced the trust, shall be appointed. The appellant was consequently properly appointed, and no other person under the circumstances could be legally appointed. The appointment could not rightfully be adjudged void. It was made on the condition required at common law and by the statute, that the executor should give the bonds required by the law for the faithful performance of his duties. A failure to comply with that condition would furnish good cause to revoke the appointment. But such removal would not be justified, unless the circumstances indicated intentional wrong, or gross negligence. It would be quite unjust and irregular, that an executor, who had been duly appointed, and had filed a bond, supposed to be proper and suitable, should be removed without notice and opportunity to file a new bond. *Win-*

*gate* v. *Wooton*, 5 S. & M. 245. If no such opportunity was afforded in the court of probate, it would of course be allowed in the court of appeal. Letters testamentary can be properly issued only where the condition of the appointment of executor has been complied with. If issued where the bond required by law has not been given, they may be properly revoked as having issued improvidently, and new letters would be issued when the proper bond was given.

It is contended that the petitioner and appellee in this case is not a creditor of the estate, and that he has no right to raise any question in relation to the administration; because, though he was a creditor at the decease of the testator, he has not exhibited his claim to the executrix within two years, nor commenced a suit upon it within three years from the original grant of administration. We understand it to be in effect decided, in *Kittredge* v. *Folsom*, 8 N. H. 109, that in general, if the letters of administration are not void, but voidable; that is, if they are sufficient until revoked, they make the executrix administrator *de facto* of the estate; the administration would be deemed the original administration, and creditors would be bound to present their claims and commence their suits against her, or they would be barred by neglect. But the statute which prescribes these limitations (Rev. Stat., ch. 161, sec. 3), contains this exception : " If the administration on any estate shall be suspended, any demand may be exhibited within two years, exclusive of this suspension." Consequently, if the powers of an executor or administrator may be deemed suspended until his bond is filed, either by the terms of the decree, or by virtue of the statute (Rev. Stat., ch. 158, sec. 12), then the appellee's claim is not barred. This statute provides that " no person shall intermeddle with the estate of any person deceased, or act as the executor or administrator thereof, or be considered as having that trust, until he shall have given bond," &c., as prescribed. On this point we have no doubt. The power to act as executor, and to administer the estate, is dependant on the giving bond, and is suspended until that is done. Charlton (T. U. P.) 149.

It is contended that the appellant was not residuary legatee, and the bond was not such as the statute requires. The provision of the Revised Statutes, on this subject (ch. 158, sec. 13), is as follows : " If the executor to whom administration shall be granted, shall also be residuary legatee, and if there shall be no widow ; or if, there being a widow, she inform the judge in writing that she accepts the provisions of the will, a bond with sufficient sureties may be taken from him, with condition only to pay the funeral charges, debts, and legacies, and to render upon oath an account of his proceedings, when thereto lawfully required."

As many persons have been ruined by giving bonds in this form, we think it the duty of judges of probate always to discourage this kind of security, and to take special care that no such bond is received in any case, where it is not beyond doubt that the estate is solvent ; that the sole executor is the residuary legatee, and the widow, if any, has given the proper notice that she accepts the provisions of the will.

The residuary clause in the will here in question is as follows: "I give to my wife," &c., "so long as she remains my widow, all my real estate in Seabrook and Salisbury," &c., with remainder over, &c.; "and lastly, as to all the rest," &c., "of my personal estate whatsoever, after payment of my just debts and funeral charges, I give the same to my wife, whom I appoint my sole executrix."

It is contended that this bequest does not constitute the wife residuary legatee, because it does not appear that there is not other real estate not situate in Seabrook and Salisbury, which would be undevised. Whatever may be the force of the word legatee in England, where only the personal estate passes to, or is administered by the executor, we doubt if any one here can be deemed residuary legatee, unless all the property not otherwise disposed of by the will, whether real or personal, is given to him.

The position taken rests on the decision in *Tappan* v. *Tappan*, 30 N. H. 50, where it was held that a bequest of "all the rest, residue and remainder of my estate, whether real or personal, in Claremont aforesaid, wheresoever being," does not make the legatee a residuary legatee, nor entitle him to give bond to pay the debts and legacies, and for the reason that, being limited to property in Claremont, the court can not know that the residue thus described includes the whole estate not bequeathed or devised. *Primâ facie* this case falls within that decision. Upon the reading of the will it does not import a devise of all the real estate, and the court can not know that there is not real estate upon which the will does not operate. But it is insisted that this decision does not apply where it appears that there is no estate not disposed of by the will; and it is admitted here that there was no other property but that referred to in the will. The question is, then, if extrinsic evidence of the nature and amount of the testator's property is admissible to aid the court in giving a construction to this will, and in determining whether the bequest here, though purporting to be of personal estate only, was really the whole residue. This question in effect has been often considered, and admits of no doubt. In *Webster* v. *Atkinson*, 4 N. H. 22, *Richardson*, C. J., says, in giving a construction to a will, that evidence of the situation and circumstances of the parties has been admitted to aid the court in forming an opinion. In *The Second* v. *The First Congregational Society*, 14 N. H. 327, *Parker*, C. J., says, in the language of Wigram on Ext. Ev. 51, a court may inquire into every material fact relating to the person who claims to be interested under the will, and to the property which is claimed to be the subject of disposition, and to the circumstances of the testator, and of his family and affairs, for the purpose of enabling the court to identify the person or thing intended by the testator, or to determine the quantity of interest he has given by his will. 1 Greenl. Ev. 52, note. The same principle is stated in other words in *Trustees* v. *Peaslee*, 15 N. H. 327, and in *Goodhue* v. *Clark*, 37 N. H. 533; in the language of *Parke*, Baron, in *Hewlett's Case*, 5 Scott N. R. 958.

It being then admitted that there was no other real estate, it is

evident that the bequest was of the whole residue of the testator's estate, and the bond given was legal.

Nothing is said in the case or papers relative to any notice given by the widow to the judge that she accepted the provisions of the will, which is one of the conditions without which a bond to pay debts and legacies can not be taken; but we think the application of a widow, who is herself executrix and residuary legatee, for probate of the will, would be a sufficient writing to inform the judge of her acceptance of the will, if nothing in it indicate the contrary. *Worth* v. *McArden*, 1 Dev. & Bat. (Ch.) 199.

The decree must be reversed, and the petition

*Dismissed with costs.*