Belknap, }
Dec., 1894. }

COGSWELL, *Adm'r*, v. CONCORD & MONTREAL RAILROAD.

A release by an administrator is a good plea in bar to an action under P. S., c. 191, ss. 8–13, for the benefit of a widow and minor children.

CASE, for negligently causing the death of the plaintiff's intestate, Edgar A. Holbrook, on December 10, 1892. Facts found by the court. The plaintiff was appointed administrator in February, 1893, and on June 17, 1893, executed to the defendants a release under seal of all causes of action on account of said injury. The deceased was survived by a widow and two minor children. No guardian of the children was appointed. On December 1, 1893, the widow caused this action to be brought. The defendants pleaded the release in bar, and the plaintiff demurred.

*Jewell, Stone, Owen & Martin*, for the plaintiff.

*Frank S. Streeter, Jewett & Plummer*, and *E. A. & C. B. Hibbard*, for the defendants.

SMITH, J. The demurrer raises the question whether the release pleaded is a bar to the action; in other words, whether an administrator in this class of actions has the power to release the cause of action.

A debt due from an insolvent person may be compromised and discharged on payment of such part thereof as the administrator deems proper, and he shall be chargeable only for the

amount received. P. S., c. 189, s. 10; R. S., c. 159, s. 8; G. S., c. 177, s. 9; G. L., c. 196, s. 9. This is a re-enactment of the statute of July 1, 1825, which provided that judges of probate, upon application, might authorize an administrator to compound and discharge any debts or demands due to the estate in case of the insolvency of the debtor, on receiving such sum as he should deem proper, or the judge of probate might direct; and that he should not be held accountable on settlement of his account for any debt or demand so compromised and discharged, beyond the amount he had received. Laws 1830, p. 350. In *Wyman's Appeal*, 13 N. H. 18, it was said that "before the passage of the statute [of 1825], an administrator might lawfully compound with a debtor, and receive less than the amount of the debt, if he could show that what he had done was beneficial to the estate. But he acted in some peril in the matter; for if an objection was taken, the burden of proof lay upon him to show that he had acted judiciously, and that the estate had not been prejudiced by the compromise; and if he failed in this, he might be made chargeable with the difference. To obviate this difficulty, and perhaps also to remove doubts upon the subject, the statute has provided a mode in which the administrator, by obtaining a previous authority from the judge, may compromise with a debtor, with perfect safety, and without being subjected to expense in sustaining his acts. But the right to compromise which existed prior to the passage of the statute, is not taken away. It may still be exercised as before, subject to the same limitations and risk."

So the right of an administrator to submit to arbitration does not appear to ever have been denied. *Bean* v. *Farnam*, 6 Pick. 269, 272. In that case it was said: "The general principle is, that every one having the capacity to contract, or to release his right, may make a submission to an award. If a less sum should be awarded in favor of the executor or administrator than he would be entitled to recover at law, he might be held to account for the deficiency to the heirs, or other persons interested in the effects of the testator or intestate, but the award would be binding." In *Chadbourn* v. *Chadbourn*, 9 Allen 173, it was held that this authority was not repealed or impaired by the statute empowering courts of probate to authorize executors and administrators to adjust by arbitration demands in favor of or against the estates by them represented; that "the legislature intended only to give security and protection to these officers in the exercise of that authority with which they are clothed by the common law, and to relieve them from liability to have their acts . . . revised or set aside to their injury by those who were interested in the effects of the testator or intestate."

The power of an administrator to submit to arbitration is said to be based upon the fact that he has power to prosecute or defend suits. *Kendall* v. *Bates*, 35 Me. 357 ; *Eaton* v. *Cole*, 1 Fairf. 137 ; *Weston* v. *Stuart*, 2 Fairf. 326. The award is binding against him in his fiduciary capacity ( *Wheatley* v. *Martin's Adm'r*, 6 Leigh 62), and against the legatees or distributees and creditors of the estate. *Strodes* v. *Patton*, 1 Brock. 228.

At common law no civil action could be maintained for the killing of a human being. *Wyatt* v. *Williams*, 43 N. H. 102, and authorities cited. *Actio personalis moritur cum persona*. Neither the heir nor the executor represents the person of the ancestor or testator, except as to his real and personal estate. *Sawyer* v. *Railroad*, 58 N. H. 517, 519. This action is founded on the statute which provides that actions of tort for physical injuries to the person and the causes of such actions shall survive. If the action is brought by the party injured in his lifetime, the prosecution after his decease may be assumed by his administrator ; or if not then commenced, may be brought by the administrator, and the damages recovered, less expenses of recovery, are distributed to the widow or widower of the deceased and to the children or heirs at law. P. S., *c*. 191, *ss*. 8–13. This is a re-enactment, with material modifications, of the original statute of 1850. Laws 1850, *c*. 953, *s*. 7.

In this suit the plaintiffs in interest are the widow and two minor children of the deceased. If he left creditors, the proceeds of any judgment that may be recovered are not assets for the satisfaction of their claims. If there are other assets, and the estate is insolvent, they belong to the creditors, and cannot be used for defraying the expenses of a suit in which they can have no interest. The plaintiff is not bound to advance funds for, nor incur costs in, the prosecution of the suit. An administrator is not bound to enforce a doubtful claim at the expense of the estate. If heirs wish the question legally settled, it is their duty to indemnify him against costs. *Griswold* v. *Chandler*, 5 N. H. 492, 494; *Sanborn* v. *Goodhue*, 28 N. H. 48, 58 ; *Merrill* v. *Woodbury*, 61 N. H. 504 ; *Andrews* v. *Tucker*, 7 Pick. 250.

This suit being prosecuted for the exclusive benefit of the widow and children of the deceased, they have the right, upon indemnifying the administrator against costs and expenses, to commence and prosecute it in his name at their own expense, and to employ such counsel as they may prefer. The rights of the real parties in interest are always protected. *Phelps* v. *Mahurin*, 6 N. H. 535; *Berry* v. *Gillis*, 17 N. H. 9, 17. Subsequent attaching creditors are admitted to defend when justice requires it; and generally, any person who can satisfy the court that he has any right involved in the trial of a case may be admitted to prosecute or defend the action. *Carlton* v. *Patterson*, 29 N. H. 580, 586.

Under the original statute, the action was by indictment in the name of the state, criminal in form, but a civil action in fact. *State* v. *Railroad,* 52 N. H. 528. The action was prosecuted by, and at the expense of, the beneficiaries of the fine imposed, if a verdict of guilty was returned. The rights of the plaintiffs in interest in the present suit are not in legal effect essentially different from what they would be if the action were by indictment as under the original statute. But the admission of parties interested to prosecute or defend a suit "has no effect upon the rules or principles which govern the case. It still remains the action of the original plaintiff against the original defendant, and the case still proceeds and is to be tried upon the same rules and principles as it would do if no third person had interfered." *Bell,* J., in *Carlton* v. *Patterson, supra ; Child* v. *Powder Works,* 45 N. H. 547, 549; *Porter* v. *Raymond,* 53 N. H. 519.

No question of fraud is raised by the pleadings, and it must be assumed that the settlement which led to the giving of the release pleaded was conducted in good faith. That would include the assent of the plaintiffs in interest. A fraudulent release would be no defence. *Beatson* v. *Harris,* 60 N. H. 83. An administrator in very many similar cases is appointed for the express purpose of bringing suit. The plaintiff, having the power to enforce this claim, may properly release it. Indeed, where there is no want of good faith in giving a release, it is difficult to see how any question of authority can arise. The fact that this is not a common-law action does not affect the right of the administrator to compromise the claim, acting in good faith. In this, as in all other actions prosecuted by him in his capacity as administrator, he is the sole trustee for all persons interested in the suit. The fact that creditors cannot share in the proceeds of the judgment does not relieve him from the exercise of the same diligence and good faith as is required of him in common-law actions. According to these views the judgment must be

*Demurrer overruled.*

CHASE and WALLACE, JJ., did not sit: the others concurred.