Hillsborough
No. 80-153

WILLIAM H. KELLEY, ADMINISTRATOR *de bonis non* OF
THE ESTATE OF GAIL RICHARDS

v.

PEERLESS INSURANCE COMPANY *& a.*

April 3, 1981

*Cullity & Kelley,* of Manchester (*John C. Boeckeler* on the brief and orally), for the plaintiff.

*Ransmeier & Spellman,* of Concord (*John C. Ransmeier* on the brief and orally), for the defendant.

PER CURIAM. The issue presented is whether a release of a wrongful death claim, executed on behalf of an estate by one who has procured his appointment as administrator of the estate through fraud, binds the estate.

On July 21, 1973, a vehicle driven by Richard Chrzaszcz, and in which Gail Richards was a passenger, collided with a motor vehi-

cle driven by Harold Anderson. Both Richards and Chrzaszcz died as a result of injuries sustained in the accident. Chrzaszcz was insured by Peerless Insurance Company, and Anderson was insured by Liberty Mutual Insurance Company.

Approximately one week after the accident, Richards' father contacted an attorney, John Tobin, solely to obtain copies of the police reports of the accident. Mr. Richards and Attorney Tobin made no arrangements concerning the administration of Gail Richards' estate.

On August 6, 1973, Tobin fraudulently procured the appointment of himself as administrator of the estate of Gail Richards by forging the signatures of her parents, Winston and Abbie Richards, to a petition for appointment as administrator. On the same day as his appointment, and acting as administrator, Tobin executed a covenant not to sue Anderson in consideration of $5,000 paid by Liberty Mutual. Some time later, Tobin was contacted by Gail's sister, Patricia Richards, for the purpose of handling the estate. On October 23, 1973, Tobin, again acting as administrator of the Richards' estate, executed a release in favor of the estate of Richard Chrzaszcz in consideration of $7,500 paid by Peerless. Neither of these settlements was communicated to the heirs. Nor were the settlement proceeds placed in the estate's account; rather, they were misappropriated entirely by Tobin. Tobin was suspended from the practice of law on January 7, 1974, and later that month was committed to the New Hampshire Hospital. It was only then that the Richards family learned that Tobin had settled the deceased's wrongful death claims. On January 31, 1974, Tobin was removed as administrator of the estate of Gail Richards, and William Kelley was appointed in Tobin's place as administrator *de bonis non.*

Kelley filed a petition in the probate court to vacate Tobin's appointment as administrator. The Probate Court (*Copadis*, J.) denied the petition, ruling that the appointment of Tobin, although procured by fraud, was voidable rather than void and that, therefore, the acts of Tobin accomplished prior to his removal as administrator were binding upon Kelley as administrator *de bonis non.*

On January 21, 1975, Kelley filed bills in equity to set aside the covenant not to sue in favor of Anderson and the release in favor of Chrzaszcz. The defendant in each case moved to dismiss. In the Anderson case, the Superior Court (*Douglas*, J.) denied the motion to dismiss. In this case, the Court (*Perkins*, J.) granted the motion to dismiss. On September 27, 1976, the plaintiff sought a rehearing on the motion to dismiss in this case. Later, the Court (*Loughlin*, J.) transferred the case to this court. The question of law trans-

ferred is whether "[a]ssuming, *arguendo,* that the appointment of an administrator is the result of his fraud on the Probate Court, may third persons rely on his authority to act on behalf of the Estate?" The Anderson case has since been settled.

This case presents a conflict between the right of an intestate's family to have a remedy for wrongful death and the right of an insurer, in settling a claim, to rely upon an order of the probate court appointing an administrator who has procured his appointment through fraud. Resolution of the conflict is difficult because the parties have been victimized equally by the person perpetrating the fraud.

■■ The general rule is that a grant of letters of administration obtained irregularly or illegally is valid until revoked and that persons dealing with a court-appointed administrator are entitled to rely upon the validity of the appointment until it is revoked. *Boody v. Emerson,* 17 N.H. 577, 582–83 (1845). Consequently, the acts done by a court-appointed administrator prior to revocation of his appointment are valid and bind the estate, at least to the extent that third parties with whom the administrator has dealt would otherwise be prejudiced. *Morgan v. Dodge,* 44 N.H. 255, 261 (1862); *Kittredge v. Folsom,* 8 N.H. 98, 109–10 (1835). This rule is necessary to protect third parties who deal with court-appointed administrators.

■ That Tobin obtained his appointment as administrator by forging the signatures of the deceased's parents on the petition for letters of administration and settled the wrongful death claim without notifying the parents or distributing the proceeds to the estate indicates beyond doubt that his act was fraudulent as to the estate. This indicates, beyond doubt, that the estate should be afforded whatever relief can be given without prejudice to the defendant. Equity will be done by returning the parties as nearly as possible to the status quo in the following way.

■■ The release is set aside. *See Cogswell v. Railroad,* 68 N.H. 192, 195, 44 A. 293, 295 (1894); *Beatson v. Harris,* 60 N.H. 83, 84 (1880). Because the defendant had the right to rely upon Tobin's appointment, *Boody v. Emerson, supra* at 582–83, the plaintiff's ultimate recovery, if any, must be reduced by the $7,500 already paid. This credit is required by the equitable maxim that where one of two innocent parties must suffer as the result of the wrongful act of a third, the loss must fall upon the one who made it possible for the third person to commit the wrong. *Milne v. Burlington Homes, Inc.,* 117 N.H. 813, 816, 379 A.2d 198, 200 (1977); *Howison*

*v. Bank*, 88 N.H. 31, 37, 183 A. 697, 701 (1936). By contacting Attorney Tobin relative to the accident in the first instance, the deceased's parents contributed to Tobin's ability to perpetrate the fraud.

Accordingly, the case is remanded to the superior court for proceedings consistent with this opinion.

*Remanded.*

DOUGLAS, J., did not sit.