## Davis v. Bradford and Baker.

A party to a common law arbitration, who has paid the referees a reasonable compensation for services rendered by them in good faith in the performance of their duties under the submission, may recover contribution of the other party, although a partial award made by the referees was invalid, and although by reason of the death of one of them their work cannot be-completed, and no benefit is received from their services, they being in no fault, and there being no stipulation, express or implied, that their work should be gratuitous if its completion were prevented by death.

A Shaker community, whose property is held and whose contracts are made by trustees, may be held liable on such contracts in suits brought against the trustees; judgments rendered against the trustees in such suits may be satisfied by levy on such property; and the writs, judgments, and executions may run against the trustees and their successors, in their official capacity.

Assumpsit, to recover one half of referees' fees paid by the plaintiff. In a common law arbitration, the referees, acting in good faith, made an award upon the questions that were tried by them, and their award was held invalid because it did not determine other questions.   *Davis v. Dyer,* 54 N. H. 146.   The plaintiff paid their fees, but the arbitration has not been completed.   The referees were ready to complete it in a reasonable time.   The failure to complete it was due to the inability of the parties and their counsel to proceed with the trial, and not to any fault of the referees.   After long delay, its completion was rendered impossible by the death of one of the referees, and the refusal of the defendants to sign an agreement appointing a substitute proposed by them.

The defendants are described in the writ as " Trustees of the Church Family of Shakers in Enfield." The submission was of all accounts and demands " between the Church Family, so called, of the United Society of Shakers at Enfield, on one part," and the plaintiff and his partner on the other part, and was signed, in behalf of the Shakers, by Dyer and Bradford, " Trustees of said Family." The award was, that the plaintiff recover a certain sum " of the said Church Family."

By the covenant or constitution of the Church Family of Enfield, trustees of the temporalities of the Church are to be appointed, who are authorized to take the general charge of all the property of the Church ; the property, including the fee of all lands, and constituting the united interest of the Church, is to be held in trust by the trustees in their official capacity, and by their successors in office forever ; it is their duty to use and appropriate the property for the benefit of the Church, and to make all just defence in law for the protection of the property and rights of the Church as an associated community,— their management and disposal of the property to be for the benefit and in behalf of the Church, and not for any private interest ; it is their duty to execute a written declaration of trust, under their hands and seals, in due form of law, embracing all property vested in them or coming under their official charge, stating that they hold all property, real and personal, belonging to the Church, in trust for the uses and subject to the regulations prescribed by the covenant of the Church ; the united interest of the Church " cannot be considered either as a joint tenancy or a tenancy in common, but as a consecrated whole, designed for and devoted to the uses and purposes of the gospel forever, agreeable to the established principles of the Church. Therefore it shall be held, possessed, and enjoyed by the Church in their united capacity," all members enjoying equal rights in the use of the property, according to their several needs and circumstances.

At the time of the submission, Dyer and Bradford were the trustees. When this suit was brought, Baker had been appointed in place of Dyer. Since this suit was brought, Dyer has been appointed in place of Baker.

Subject to the defendants' exception, the plaintiff was allowed to prove certain conveyances of land made by trustees of the Enfield Church Family, in their official capacity, and to prove that notes for the benefit of the same Family have been taken by their trustees, and that accounts of their purchases and sales have been kept by such trustees in their own names.

Facts reported by a referee, who found for the plaintiff.

*Minot*, for the defendants.

I. This suit is against the defendants individually, and not merely as representing in law the Church Family. The addition of the

description in the writ, " Trustees of the Church Family," &c., does not alter the character of the suit; and the judgment in it, if any, in favor of the plaintiff, will be against the defendants personally, and may be enforced out of their private estates, without reference to the trusteeship.

But it is apparent that the trustees never intended to assume or occupy any such relation in this matter, but have acted throughout in it merely as the agents of the Church Family. The claims to which alone the original submission of the parties related were " between the Church Family " on the one part, &c. And the award of the referees on that submission was, that the plaintiff recover of the " said Church Family," &c. ; and the whole proceedings in that submission show that Dyer and his associates assumed to act merely as the agents and representatives of the Church Family, and not on their own private account ; and the Church Family, not they, were to be responsible in the premises. And all the parties concerned clearly understood this—see *Davis* v. *Dyer*, 54 N. H. 146 ; and it is only in this view that the evidence offered on the part of the plaintiff could be admissible in this case. Assuming that the Church Family was the real party and that Dyer and others were merely their agents, the acts of some of those agents in the premises were competent as evidence against the same principal when represented by other agents. But regarding Dyer *et al.* as acting on their own private account, the acts of one would not be admissible as evidence against another not a party to them.

The relation of the trustees to the Church Family is shown by the covenant. They are made, in substance, the general agents of the Family, to hold whatever property may come into their hands, in trust, for its benefit, and not " for any private interest, object, or purpose whatsoever." And in order better to secure this purpose, the trustees, " who may be vested with the lawful title or claim to the real estate of the Church," are to execute a " declaration of trust " in proper form to that effect. But such a provision would be unnecessary, and such a declaration of trust unnecessary, if the trustees were to be regarded as themselves legally constituting the association, and not being merely its agents.

II. If, in the original submission and the proceedings under it, the trustees are to be regarded not as the principals, but merely as agents, then all the legal consequences attach to the principal and not to them. And if, on the other hand, they can be regarded as individually liable, then that liability attached only to the then trustees who acted in the matter, and it does not follow to their successors who had no part in these proceedings. In either of these views this action cannot be maintained.

Even assuming that the trustees may have property and assets of the Church Family in their hands from which a judgment against them might be satisfied, that would not alter the case. The remedy of the plaintiff is by proper proceedings in chancery or otherwise to

reach that property, and not by suit in this form against the parties personally.

III. This action cannot properly be regarded as being against the corporation, and not against the defendants named, individually. The provisions of the Gen. St., *c.* 139, *s.* 6, do not apply to sustain it as an action against the corporation. Those provisions relate only to cases of grants and donations of property for the benefit of the Societies, and to the holding and maintaining the same, and not to cases of general trade and business of the character of the transactions which existed in this case. And *ss.* ·5 and 6 of the same chapter recognize the Societies and Churches as being distinct from their trustees, agents, &c., and as having the power to act as corporations.

*Bingham*, on the same side. On the facts, the plaintiff cannot recover. The award was made in violation of the submission, and the referees were not entitled to compensation. *Hinman* v. *Hapgood*, 1 Den. 188; *In re Hall and Hinds*, 2 M. & G. 847, 853; *Dossett* v. *Gingell*, 2 M. & G. 870; *Coombs* v. *Fernley*, 4 W. H. & G. 839; *Hoggins* v. *Gordon*, 3 A. & E. (N. S.) 466.

*Murray*, for the plaintiff.

1. The plaintiff, having paid for services for which both parties were liable, may recover a moiety of the defendants. *Goodall* v. *Cooley*, 29 N. H. 48; *Holcomb* v. *Tiffany*, 38 Conn. 271; Morse on Arbitration 577, 578; *Bates* v. *Townley*, 2 W. H. & G. 152; *Marsack* v. *Webber*, 6 H. & N. 1.

2. The business of the Church Family was done in the name of the trustees. The name of the trustees is the business name of the Church Family. *Chandler* v. *Coe*, 54 N. H. 561, 566; *Melledge* v. *B. Iron Co.*, 5 Cush. 158, 174; *Pease* v. *Pease*, 35 Conn. 131, 148; *Davis* v. *Dyer*, 56 N. H. 143, 146; *Waite* v. *Merrill*, 4 Greenl. 102; *Anderson* v. *Brock*, 3 Greenl. 243.

*Pike*, on the same side. The trustees holding the title of all the property, and doing the business in their own names, are the persons to be sued. 1 Perry on Trusts, *s.* 328 *et seq.*; *Ada Street &c., Church* v. *Garnsey*, 66 Ill. 132; *Drumheller* v. *First U. Church of Pierceton*, 45 Ind. 275.

FOSTER, J. The referees were entitled to a reasonable compensation for services rendered in good faith, at the request of the parties, implied in the voluntary submission. *Goodall* v. *Cooley*, 29 N. H. 48. There was no stipulation, express or implied, that they should receive no compensation if the arbitration came to naught through no fault of theirs. The invalid award merely left the arbitration unfinished, as if there had been no award. The referees were ready to finish the trial, and the parties have nothing to complain of but their own delay.

The constitution of the Church of Shakers at Enfield requires the legal title of all its property to be vested in trustees, upon a declaration of trust, designed, in a convenient and legal manner, to accomplish the purpose of having all things common. It is natural and proper that the secular business of such a religious community should be done in the names of the trustees who hold the legal title of the property. And in such a case it is immaterial whether the trustee or the beneficiary is made the party in the record of litigation. In this state the day of contention for such an irrelevant and unprofitable technicality has gone by. The whole procedure, including suit, notice, trial, judgment, and execution, is directed to the ends of justice, without regard to imaginary difficulties of form. Whether the Church be regarded as the principal, doing business by the trustees as its agents, in its own name or in the name of the trustees adopted as the business name of the Church, or the trustees be regarded as the principal, doing business in their own names or in the name of the Church for the Church as beneficiary, appears, in this case, to be a matter of no practical, and, therefore, of no legal, consequence. If there is a question of the personal liability of the trustees, the judgment and execution will be made (at the trial term) to conform to the legal rights of the parties. No such question can defeat the right of the plaintiff to have a judgment rendered in his favor. A judgment rendered against "the trustees of the Church Family of Shakers, of Enfield in said county, and the successors of said trustees in their official capacity," would be valid, and could be satisfied, without the aid of a bill in equity, by execution levied upon property of the Church, of which the legal title is held by the trustees. The names of the trustees are not necessary in the writ, judgment, or execution; and, although their names are in the writ, they may be omitted in the judgment and execution. The plaintiff, not attempting to charge them personally, may have judgment and execution in a form adapted to the change made in the office of trustee during the pendency of this action, and to similar changes that may be made hereafter.

The evidence of the manner in which the business of the Church is done was competent to show that its practice corresponds with the theory of its constitution; that the Church is the defendant in interest; and that its property, held by the trustees, should be made liable to satisfy the plaintiff's judgment.

*Judgment on the report.*

STANLEY and BINGHAM, JJ., did not sit.