STEBBINS *v.* THE LANCASHIRE INS. CO.

An amendment may be made, in any action, in any stage of the proceedings, to prevent injustice.

The form of action may be changed by amendment.

ASSUMPSIT, on a policy of insurance.   The policy purported to be under seal.   The seal was the printed impression of the corporate seal on the paper on which the policy was written.   The plaintiff excepted to the refusal of the court to allow an amendment changing the form of action to covenant.   The question of discretion was reserved.   .

*Lane* and *Davenport & Eddy* (of Vermont), for the plaintiff.

*Faulkners & Batchelder* and *Cushing*, for the defendants, to the point that the policy was under seal, cited *Allen* v. *Sullivan R. R.*, 32 N. H. 446, and Gen. St., *c.* 1, *s.* 10, and, to the point that the form of action could not be changed by amendment, *Little* v. *Morgan*, 31 N. H. 499, and *Brown* v. *Leavitt*, 52 N. H. 619.

STANLEY, J.   The policy was under seal, and the form of action should have been debt or covenant.   The amendment proposed

was therefore necessary. *Allen* v. *Sullivan R. R.*, 32 N. H., 446; Gen. St., *c.* 1, *s.* 10.

If the question whether the form of action is amendable was now for the first time presented, we should have no doubt as to the proper answer. The statute provides that "No writ, declaration, return, process, judgment, or other proceeding in the courts or course of justice, shall be abated, quashed, or reversed for any error or mistake, where the person or case may be rightly understood by the court, nor through defect or want of form or addition only, and courts and justices may, on motion, order amendment in any such case." Gen. St., *c.* 207, *s.* 8. It is difficult to perceive how this provision of the statute could have been made more comprehensive or more clear. It includes every form of legal proceedings in civil cases. The duty imposed upon the court is limited only by the condition that the case may be rightly understood by the court. Whether the defect is in the writ, declaration, return, process, judgment, or other proceeding, the proceeding shall not fail, but may be amended if the person or case may be rightly understood by the court, or, in other words, if there is enough to amend by. The power may be exercised to correct any error or mistake, either of form or substance. We are aware that this provision of the statute has been restricted to formal amendments, but we cannot discover any reason for it. Its terms certainly do not warrant it. The fact that want of form or addition is mentioned does not authorize the court to say that the intent was to confine the power of amendment to merely formal matters. The phrase "nor to defects of form or addition only" does not restrict the power conferred upon the court in the preceding part of this section. For what reasons or upon what grounds the court have thus restricted the broad and comprehensive terms of the statute we have been unable to discover. No light is thrown upon this question in the reported cases. The effect of such restriction is practically to nullify the statute.

As was said in *Berry* v. *Osborn*, 28 N. H. 279, 286, "If this statute provision is the law, as it has been three times enacted, and as it now reads, then no proceeding in the courts or course of justice can be abated, quashed, or reversed for any defect or want of form, nor for any error or mistake, where the person or case may be rightly understood by the court. * * * The writ shall not be abated, the plea shall not be held insufficient for want of form only, or for errors or mistakes, which do not prevent the court from rightly understanding the case, but the court may order them to be amended."

In that case the history of the statute was traced back to 1701. The acts of 1680 and 1682 provided that no circumstantial errors in a summons or attachment, where the person and cause intended may be rationally understood, shall be taken as a sufficient ground for a nonsuit. 8 N. H. Hist. Coll. 31; 1 N. H. Prov. Papers 404,

450.    By the Massachusetts Body of Liberties, it was enacted, in 1641, that no summons, pleading, judgment, or any kind of proceeding in courts or course of justice, shall be abated, arrested, or reversed upon any kind of circumstantial errors or mistakes, if the person and cause be rightly understood and intended by the court. Mass. Anc. Charters 50; 8 Mass. Hist. Coll. (3d series) 191. This law, if it was in force at the present day, would remove one great cause of litigation, and of the uncertainty of the law.    Bowen Const. Doc. 61 n.    When a plain statute has received such a construction that men of the highest intelligence cannot understand that it is in force, there is occasion to inquire whether the intention of the legislature has been accomplished or defeated.

But if it were conceded that section eight applies only to amendments in matters of form, and that a change of the form of action is an amendment of substance, the amendment may be made under section nine of the same chapter, which provides that "amendments in matters of substance may be permitted in any action, in any stage of the proceedings saving the rights of third parties." This provision was incorporated into the Revised Statutes, probably with the view of avoiding the difficulty occasioned by the restricted construction previously given to section eight.    Taking these two sections together, it is not apparent how it ever could have been held that it was not within the power of the court to allow any amendment called for by the necessities and justice of the case, whether it be of form or substance, and in whatever stage of the proceedings it may be asked for.

These views are not seriously controverted, but it is contended that the court are bound, by a long line of decisions, to disallow this amendment because it changes the form of action. It may be well to see on what authority those decisions rest.    The only cases cited as bearing directly upon the question are Little v. Morgan, 31 N. H. 499, and Brown v. Leavitt, 52 N. H. 619.    In Little v. Morgan it was proposed to amend by changing the form of the action from assumpsit to debt.    The amendment was refused, solely on the authority of Butterfield v. Harvell, 3 N. H. 201, and Stevenson v. Mudgett, 10 N. H. 338.    The statute on the subject of amendments, in force when Little v. Morgan was decided, was the same as at present (Rev. St., c. 186, ss. 10, 11), though not the same as when Butterfield v. Harvell and Stevenson v. Mudgett were decided. When it is considered that the change made in the statutes in 1842 was not alluded to in Little v. Morgan, a change which was obviously intended to avoid the full effect of the construction given to section eight by the decisions in Butterfield v. Harvell and Stevenson v. Mudgett, there is a strong inference that this modification in the statute was overlooked.

In Butterfield v. Harvell there is no allusion to a change in the form of the action; and in Stevenson v. Mudgett the amendment proposed did not affect the form of the action, and consequently

the court were not called upon to express an opinion on this point. *Little* v. *Morgan* does not, then, rest on the authority of any decided case.

*Brown* v. *Leavitt*, decided in 1873, is placed on the authority of *Stevenson* v. *Mudgett*, *supra; Merrill* v. *Russell*, 12 N. H. 74, 79; *Gilman* v. *School-District*, 18 N. H. 215; and *Little* v. *Morgan*, *supra*.

After quoting from *Little* v. *Morgan*, the court say, "The authority of the court at the time of that decision was precisely the same as now," and they cite the statute; but the fact that the opinion in *Little* v. *Morgan* makes no allusion to the change in the statute, after *Stevenson* v. *Mudgett* was decided, is not mentioned. It is, however, stated that the doctrine that the form of action cannot be changed by amendment is recognized in *Wiggin* v. *Veasey*, 43 N. H. 314, *Page* v. *Jewett*, 46 N. H. 441, 445, *Newell* v. *Horn*, 47 N. H. 379, 382, *Smith* v. *Wiggin*, 48 N. H. 105, 110, *Burleigh* v. *Merrill*, 49 N. H. 35, and *Stearns* v. *Wright*, 50 N. H. 293, 295. An examination of these cases shows that in no one of them did the proposed amendment change the form of action. They are not authority, and are not entitled to weight except as *dicta*.

In *Merrill* v. *Russell*, decided in 1841, the amendment was disallowed because it changed the cause of action, and its effect would be to allow the party to recover for a cause of action other than that for which the action was brought.

In *Gilman* v. *School-District*, an amendment to a declaration in assumpsit, inserting a count in debt, thus joining two different forms of action in the same writ, was disallowed, for the reason that the declaration as amended would be bad on demurrer.

*Wiggin* v. *Veasey* was *scire facias* on a judgment. It was proposed to amend the record of the judgment so as to show a conditional judgment as of mortgage, and to amend the *scire facias* to make it correspond with the record of the judgment as amended. It was objected that a new cause of action was introduced, but the amendment was allowed. It is true that the court, quoting from *Stevenson* v. *Mudgett*, say "so long as the form of action is not changed," &c., but, as the amendment did not propose a change in the form of the action, the repetition does not give the quotation the weight of an authoritative decision.

*Page* v. *Jewett* was a writ of entry. The plaintiff's title depended upon the validity of the levy of an execution. The defendant claimed that the judgment was erroneous, and that the attachment was defeated by an amendment of the declaration. The court make no allusion to a change in the form of action. It is merely said that any amendment may be made if the action be for the demand originally sued.

*Newell* v. *Horn* was case for fraudulent representations as to the boundaries of certain lands sold by the defendant to the plaintiff. The land was described in the declaration as a certain tract of land

known as lot No. 66. It was proposed to amend, so as to include another piece of land. No question of a change in the form of action was raised, but the court, in quoting from *Stevenson* v. *Mudgett*, give that part of the opinion relating to changing the form of action.

*Smith* v. *Wiggin* was a writ of entry to recover a tract of land described by metes and bounds. It was proposed to amend so as to recover a right of way. In the opinion, *Nesmith, J.*, says " an amendment, to be effectual for the plaintiff, must be equivalent to a new form of action, and therefore must be denied," citing *Little* v. *Morgan*, and *Lawrence* v. *Langley*, 14 N. H. 70. In the latter case, the amendment proposed did not change the form of action. It substituted a different cause of action, and the original action was brought in July, 1842, before the enactment of Rev. St., *c.* 186, *s.* 11.

In *Burleigh* v. *Merrill* the amount claimed was not stated in the declaration, the space for that purpose being left a blank; and the court allowed the amendment, citing in support of it *Stevenson* v. *Mudgett*, *Merrill* v. *Russell*, *Taylor* v. *Dustin*, 43 N. H. 493, and *Bailey* v. *Smith*, 43 N. H. 409. In neither of the two last cases is there an allusion to a change in the form of the action; and in both, the amendments were allowed, because not inconsistent with the original cause of action.

*Stearns* v. *Wright* was a motion to amend a declaration, filed on an appeal from the decision of an insolvent commissioner; and the amendment was allowed, because it was for the same cause of action as stated in the original declaration. *Stevenson* v. *Mudgett*, *supra*, and *Elliot* v. *Abbot*, 12 N. H. 549, are cited in support of the amendment. This latter case was assumpsit on a note payable to the President, Directors & Co. of the Ashuelot Bank or order, and alleged to be endorsed by the cashier to the plaintiff. The note was never the property of the bank. The plaintiff had a verdict, which was set aside because the cashier had no authority to endorse the note; but, the merits being with the plaintiff, he was allowed to amend by inserting a count declaring upon the note as payable to himself by the name of the bank.

From this examination of the authorities, it is plain that neither *Little* v. *Morgan* nor *Brown* v. *Leavitt* is supported upon any solid basis. *Little* v. *Morgan* overlooked the change in the statutes by the revision of 1842, and was placed on the authority of two cases, in neither of which was the question then decided before the court. If that case can be sustained, it must be upon reason and not on authority. On the first ground it must fail; for it is not only in direct opposition to the explicit provisions of the statute, but to the principles of justice and the proper administration of the law. Why should a party be denied a hearing on the merits of his case because he has erred in the form of action he has selected? If a defective statement of his cause of action or his defence may be

amended, why may not a defective or erroneous statement of the form of action be amended as well? No reason can be assigned in the one case, which does not apply with equal force in the other. An amendment might work great injustice, in which case it cannot be made, because the object of the statute of amendment and jeofails is to avoid great injustice. But when no injustice will be done by an amendment, and great injustice will be done without it, the court cannot refuse to administer the law enacted by the legislature for such a case.

As an authority for the decision in *Brown* v. *Leavitt, Little* v. *Morgan* fails entirely, for not only is it not supported by a single authoritative decision, but it is in direct opposition to the statute. What is said in *Brown* v. *Leavitt*, as to the recognition of the rule adopted in *Stevenson* v. *Mudgett*, must be taken in connection with the fact that in none of the cases cited as recognizing its authority was the question of changing the form of action raised. These cases are therefore not binding: they are merely *dicta :* and when the change made . in the statute in 1842 is · not alluded to, but is apparently overlooked, their weight as *dicta* is much lessened if not wholly destroyed.

The opinion in *Brown* v. *Leavitt* is put upon the ground of authority, and not of reason or the statute. The case was decided in deference to the unbroken current of decisions. When this current is traced, and its source is found to be a *dictum ;* when the power of the court under the statute was then regarded as insufficient to allow amendments in matters of substances; when in this whole current the existence of section 9 is alluded to in only a single instance,—we think it is entitled to but little, if any, weight.

If the construction heretofore given to this statute, and those upon which it is founded, were one which affected titles to property, and a change might operate to unsettle those titles and to produce injustice, we should decline to look at it, and should leave it to the legislature to correct any evils which grow out of it; but it does not relate to rights of property. It concerns only the practice of the courts, over which we have, by the statute, a very wide control. The effect of every decision of this kind terminates with the case in which it is made, except so far as it may be a precedent in future cases; and, as we have shown that no specific consideration has been given to the construction of these sections, we have had no hesitation in examining them now, and in following out the results to which such an examination has led us, and upon such examination we are unable to entertain any doubt on the subject. These sections admit of but one meaning, and no exercise of critical ingenuity can give them any other. The idea that the duty of the court to allow amendments, either of form or substance, is limited, except by the proviso that the case may be rightly understood by the court, and that the rights of third parties shall not be affected thereby, is not found in the statute, and cannot be reconciled with it.

The evident purpose in the enactment of Gen. St., *c.* 207, *ss.* 8, 9, was, that any amendment, whether of form or substance, required by justice and the legal rights of parties, should be made, and to prevent a recurrence of that state of things described by Blackstone, 3 Com. 410, "which under the English practice had operated to the great obstruction of justice and ruin of suitors; who have formerly suffered as much by this scrupulous obstinacy and literal strictness of the courts as they could have done even by their iniquity, and in consequence of which justice was perpetually entangled in a net of mere technical jargon, and the legislature was forced to interpose by no less than twelve statutes to remedy these opprobrious niceties."

These provisions of the statute, construed liberally, as all remedial statutes are (*Holt* v. *Smart*, 46 N. H. 10), for the advancement of the remedy, give all the liberality of a code, so far as a code is intended to regulate civil procedure, without any of its formalities or objectionable features. Under these circumstances, in view of the fact that titles to a property will not be disturbed, that the rights of parties will not be prejudiced, and that the speedy and economical administration of justice will be promoted, we do not feel bound to adhere to what may seem to be the rule established by our former decisions on the subject of amendments, when, upon examination, it is found opposed to reason, to what we regard the true construction of the statute, and to the liberal and progressive spirit of our legislation.

Our conclusion is, that it was within the power of the court to allow the proposed amendment, and that upon the facts stated it should have been allowed.

*Exception sustained.*

BINGHAM, J., did not sit: the others concurred.