## BUZZELL *v.* THE STATE.

A new trial may be granted in a criminal case, on the defendant's peti-
tion, presented after judgment of conviction. when justice has not been
done, through accident, mistake, or misfortune, and a further hearing
would be equitable.

PETITION for a new trial, on the ground of newly discovered
evidence, in a capital case.    The petition was presented at the sec-
ond trial term after judgment; and all questions of law and fact
were reserved.

*Copeland & Edgerly*, for the petitioner.

*The Attorney-General* and *Solicitor*, for the state.

DOE, C. J. "A new trial may be granted in any case where a
review may not be had of right, when justice has not been done,
through accident, mistake, or misfortune, and a further hearing
would be equitable." G. L., *c.* 234, *s.* 1.    Some of the provisions
of this chapter may not be applicable to criminal cases; and the
whole chapter was probably intended for civil cases only.    But the
ground on which it allows a new trial may properly be adopted as
a general rule of procedure on petition for new trial after judgment
in criminal cases.    If a new trial were granted in this case, it
would be necessary to vacate, suspend, or modify the judgment,
because the day of execution, appointed by it, is prior to the next
trial term.    Such disposition would be made of the judgment as
would give effect to the grant of a new trial.    Elementary prin-
ciple and immemorial practice require such judicial control, regula-
tion, and improvement of common law remedies and methods of
procedure as experience shows to be necessary for the easy ascer-
tainment and protection of legal rights.    3 Bl. Com. 389–393.    A
convict is entitled to a new trial when it appears that, by reason of
accident, mistake, or misfortune, justice has not been done, and
that a further hearing is equitable.    And when a new trial is
granted, he is entitled to such reversal, suspension, or modification
of the judgment as the result of the new trial demands.    There is
no judicial disability to correct judicial errors, sending him to the
executive for a pardon of a crime of which he is innocent. *State* v.
*Prescott*, 7 N. H. 287, 288.

Ordinarily a question of fact, like that raised in this case, is not
decided at the law term. *Brooks* v. *Howard*, 58 N. H. 91.    But
the rule has been waived in favor of the convict, on his petition in
this capital case.    All the evidence, old and new, has been received;
and a careful consideration of it leaves us in no doubt of his guilt
of the crime of which he has been convicted.    The proof is clear

and conclusive. On a former indictment, charging him as a principal, the jury found him not guilty. On the indictment in this case, charging him as an accessory before the fact, the jury found him guilty. In neither of these concordant verdicts are we able to find any error of law or of fact. It does not appear that injustice has been done, or that a new trial would be equitable.

*Petition denied.*

FOSTER and CLARK, JJ., did not sit: the others concurred.