## HALEY *v.* COLCORD.

An obstruction of a private way of prescription, by the land-owner, making the way impassable, may create a reasonable necessity that the owner of the way should deviate from it, and go over another part of the land.

TRESPASS *qu. cl.*, against S. J. Colcord, for crossing the plaintiff's field. The defendant, in a brief statement, pleaded that the plaintiff obstructed the defendant's private way of prescription on the plaintiff's land, and made it impassable, and the defendant, being thereby compelled to deviate from that way, went across the plaintiff's land at another reasonable and proper place, to avoid the obstruction. The court denied the plaintiff's motion to reject the brief statement. Verdict for the defendant.

*Leavitt,* for the plaintiff.

The brief statement is insufficient. The obstruction did not justify the defendant in going *extra viam.* He could remove the obstruction, and bring an action. *French* v. *Marstin*, 24 N. H. 440, 449; *Williams* v. *Safford*, 7 Barb. 309; *Holmes* v. *Seely*, 19 Wend. 510; *Jones* v. *Percival*, 5 Pick. 485; *Nichols* v. *Luce*, 24 Pick. 102; Wash. Ease. 167–198.

*A. R. Hatch* and *John Hatch*, for the defendant.

The plaintiff having obstructed the way, rendered it impassable, and compelled the defendant to deviate from it, cannot complain of the deviation caused by his own act. His act in obstructing the way was a license to the defendant to pass around the obstruction. *Farnum* v. *Platt*, 8 Pick. 339; *Leonard* v. *Leonard*, 2 Allen 543; *Kent* v. *Judkins*, 53 Me. 162; 2 Bl. Com. 36; Com. Dig. *Chimin* (D 6); *Henn's Case*, Sir William Jones 296; *Hawkins* v. *Carbines*, 3 H. and N. 914; *Dawes* v. *Hawkins*, 8 C. B. (N. S.) 848; *Arnold* v. *Holbrook*, L. R. 82, B. 96. The reasoning of *Mansfield* in *Taylor* v. *Whitehead*, 2 Doug. 745, 749, leads to the same conclusion. In that case it was holden that a deviation from an accustomed private way is not justified by the fact that the way was overflowed or had become out of repair, because the claimant ought to repair it, and the way may have become impassable by the neglect of the defendant. In the present case, the obstruction was wilfully caused by the plaintiff himself. It cannot be said to be the duty of the defendant continually to repair defects or remove obstructions which the plaintiff chooses from time to time to create. Such a task would be likely to be as endless as the labor of Sisyphus, and to lead to litigation equally durable. The obstruction created for this

defendant a way of necessity. The remedy by action for the obstruction of his way, to which the plaintiff would limit the defendant, is insufficient. Having no other mode of access or egress, it implies that the defendant must lose his crop of hay already cut, and all use of his land, until he can arrive at the end of a suit or suits at law. And then it may turn out that the plaintiff is unable to respond by payment of the damages and costs. Suppose the defendant to have been upon his own land with his carts and teams, when the way was obstructed by plaintiff : being unable to remove the obstructions, he must become guilty of a trespass, or remain a prisoner indefinitely.

DOE, C. J. The doctrines of reasonable necessity, reasonable care, and reasonable use prevail in this state in a liberal form, on a broad basis of general principle. *Brown* v. *Cram*, 1 N. H. 169, 172; *State* v. *Elliot*, 11 N. H. 540; *Graves* v. *Shattuck*, 35 N. H. 257; *A. M. Company* v. *Goodale*, 46 N. H. 53; *Closson* v. *Morrison*, 47 N. H. 482; *Sterling* v. *Warden*, 51 N. H. 217—52 N. H. 197; *Aldrich* v. *Wright*, 53 N. H. 398; *Brown* v. *Collins*, 53 N. H. 442; *Hoit* v. *Stratton Mills*, 54 N. H. 109, 116; *Jones* v. *Towne*, 58 N. H. 462, 465; *Garland* v. *Towne*, 55 N. H. 55; *Gilman* v. *Laconia*, 55 N. H. 130; *Rowe* v. *Portsmouth*, 56 N. H. 291; *Bassett* v. *S. M. Company*, 43 N. H. 569; *Swett* v. *Cutts*, 50 N. H. 439; *Hayes* v. *Waldron*, 44 N. H. 580; *Varney* v. *Manchester*, 58 N. H. 430. .

The rights of necessity are a part of the common law. The necessity is generally a reasonable one, and determined by the application of reason to the circumstances of the case, and not prescribed as an arbitrary, verbal formula. *Daniels* v. *Brown*, 34 N. H. 454, seems to be in conflict with the qualified right of partition without legal process, vested in each of the owners of such common, personal property as is justly divisible by mere mechanical measurement, and also to be inconsistent with the right of an owner to use reasonable force in taking possession of his property. It is not apparent on what ground the plaintiff in that case could recover any damages, substantial or nominal, unless he had a lien of which no mention is made. He had refused to join in a division of the common property, had denied the defendant's title, and had forbidden his taking his share when he quit the plaintiff's premises on notice. The defendant was entitled to his share in severalty. Cooley Torts 455. It was assumed, in the decision, that the defendant could not lawfully use any force against the plaintiff, and that there was no question of reasonable necessity. If the defendant could not have partition of a few beans, and possession of his share, without a suit in chancery, the legal vindication of his right was practically worse for him than any possible violation of it.

The only legal remedy is often more injurious to the sufferer than the wrong done by the other party. Sometimes this result is

naturally unavoidable, and sometimes, for prudential reasons, the law regards it as reasonably necessary. But there is, in the law, a doctrine of reasonably necessary remedy, as well as a doctrine of reasonably necessary right. The ground on which cotenancy is severed in equity, is the inefficiency of a suit at law. And a ground on which, in many cases, the law allows a remedy without legal process or judicial procedure, is the inadequacy of such process and procedure. The law adopts the natural right of self-defence, because it considers the future process of law an inadequate remedy for present injuries accompanied with force. It adopts the natural right of recapturing property, real and personal, by the mere act of the party injured, because legal process may be an inadequate remedy. It adopts the natural right of abating nuisances by the mere act of the party injured, because he cannot reasonably be required to wait for the slow progress of the ordinary forms of justice. 3 Bl. Com. 3–6; Cooley Torts 45–58. These personal remedies are instances of the application of the rule of reasonable necessity. The division of common property in some cases, by the mere act of one of the owners taking his share, is another instance.

A stone wall, built by the plaintiff across the defendant's way, would be a nuisance which the defendant could lawfully abate by moving the stones out of the way, although he might not be able reasonably to do himself this private and summary justice without going out of the way into the plaintiff's field, and doing more damage there than he would by going round the obstruction. The remedy of abatement is not given him by a legislative or judicial enactment, ancient or modern, but is a natural right which no branch of the government has taken from him. It would be one of his remedies if such a case had not previously arisen, and the law of the subject had never been declared. And as an erroneous judicial declaration of the law is judicial legislation, and courts in their judicial capacity had no more authority to legislate in former times than they have now, if they had always denied the remedy of abatement, this defendant would nevertheless have been entitled to it, because it is a reasonably necessary remedy in such cases as his, and a correct declaration of the law in his case would have no unjust retrospective effect. The defendant could lawfully go round the nuisance and out of the way, doing no unreasonable damage, because such deviation, like an abatement of the nuisance, was a remedy of necessity. When the plaintiff removes the obstruction and makes the way passable, the necessity of the defendant's going out of the way will cease (*State* v. *Northumberland*, 44 N. H. 628, 631, 632); but there is no reasonable necessity for leaving the defendant to the inadequate remedies of his own removal of the obstruction, and a suit for damages. In many cases, on account of the legal estimation of human life, and the requirements of peace and order, injured persons must suffer from the irrecoverable

·expense, or other inutility, or inadequacy of their lawful redress. But the fundamental principle of such natural, immediate, and ·adequate remedy as can be justly and safely allowed without legal process, gave the defendant such partial relief as he could reasonably obtain by going round the plaintiff's obstruction. The motion ·to reject the brief statement was rightly denied.

*Judgment on the verdict.*

FOSTER, J., did not sit : the others concurred.