## MERRILL v. PERKINS.

The form of action may be changed by amendment; and the amendment may be made after verdict, without a new trial, when the verdict could not have been affected by the amendment if it had been made before the trial.

How far the cross-examination of a witness should be carried for the purpose of disparaging his credibility, is a question of fact to be determined at the trial term.

CASE, for entering the house occupied by the plaintiff and her husband and children, and taking out the doors and windows, tear-

ing up the floor, and making a noise and disturbance, whereby the plaintiff was exposed, frightened, and disturbed, prematurely delivered of a child, and seriously injured in health. The defendant's objection, that the plaintiff cannot recover in this form of action, was overruled.

On the cross-examination of the plaintiff's husband, the defendant asked him if he had been notified to quit every house he had lived in for ten years, and been put out by legal proceedings in every case. The question was excluded, and the defendant excepted. Verdict for the plaintiff.

*Norris & Albin*, for the defendant.

The action should have been trespass, and not case. *Mugford v. Richardson*, 6 Allen 76; *Curl* v. *Lowell*, 19 Pick. 25; *Curtis* v. *Galvin*, 1 Allen 215; *Meader* v. *Stone*, 7 Met. 147; *Whitney* v. *Swett*, 22 N. H. 10.

The inquiry of the husband, whether he had been notified to quit every house he had lived in for ten years, and been put out by legal proceedings in every case, was material and competent, upon cross-examination, for the jury to understand the character of the witness whom they were called upon to believe; and to know whether, although he had not been convicted of any crime, he had not in some measure rendered himself less credible by his disgraceful conduct. 1 Starkie Ev. 170; 1 Gr. Ev., s. 453.

*Chase & Streeter*, for the plaintiff.

The form of action is right. *Whitney* v. *Swett*, 22 N. H. 10. But if an error has been committed in this respect, it is apparent that practically it is one of form rather than substance, and justice requires that it should be cured by an amendment under the provisions of G. L., c. 226, s. 9, as interpreted in *Stebbins* v. *Lancashire Ins. Co.*, 59 N. H. 143, and by c. 7, Laws of 1879. The form of the action did not restrain or enlarge the rights of either party in the introduction of evidence or the conduct of the trial in any particular. There having been such a trial, it would be gross injustice to set aside the plaintiff's verdict because the refined distinction between the actions of trespass and case was not observed in drawing the declaration. The court, after verdict, will not look with eagle eyes to the form of action if the verdict is substantially right. *Ricker* v. *Freeman*, 50 N. H. 429, and authorities there cited.

The question put to the plaintiff's husband was properly excluded. Steph. Dig. Ev., Arts. 2, 10; 1 Gr. Ev., ss. 455, 458. If it could be allowed, it was within the discretion of the court to allow or exclude it.

Doe, C. J. The objection to the form of action might have been obviated at the trial by an amendment of the declaration, add-

ing a new count in trespass. *Stebbins* v. *L. Ins. Co.*, 59 N. H. 143. And as the amendment, if made before the trial, would not have affected the trial or the verdict, it may be made now without disturbing the verdict. *Roulo* v. *Valcour*, 58 N. H. 347. It does not appear to be necessary to inquire whether case, or trespass, is the right form of action.

The question put to the plaintiff's husband was asked for the purpose of disparaging his credibility. How far justice required the cross-examination should be allowed to go in that direction was a question of fact to be determined at the trial term. *Gutterson* v. *Morse*, 58 N. H. 165. When the amendment is made, there will be

*Judgment on the verdict.*

ALLEN, J., did not sit: the others concurred.