RUTHERFORD *v.* WHITCHER.

Counts in trover and assumpsit may be joined in a declaration on a single cause of action.

TROVER, for 200 cords of hemlock bark, and ASSUMPSIT, for $1,000, the proceeds of the bark. Demurrer, for a misjoinder of counts in different forms of action.

*Carpenter*, for the defendant.

*Bingham, Mitchell & Batchellor*, for the plaintiff.

The action is for a single cause, stated in two ways. A plaintiff must often allege a contract in various different modes. It is often impossible for him to tell how his evidence will meet the case, whether as applicable to one count or another; and his counts may not only differ one from the other, but may be contradictory. *Kimball* v. *Bellows*, 13 N. H. 58, 68; *Larry* v. *Herrick*, 58 N. H. 40, 41. A count on a judgment rendered on a note may be joined with a count on the note. *Downer* v. *Shaw*, 23 N. H. 125. Debt on a judgment and debt on a simple contract, though requiring different pleas, may be joined. *Morrison* v. *Bedell*, 22 N. H. 234, 243. Debt and detinue, though different forms of action, may be joined. *Morrison* v. *Bedell*, 22 N. H. 234, 243; *Dame* v. *Dame*, 43 N. H. 37, 43. By amendment, the form of action may be changed from assumpsit to covenant. *Stebbins* v. *Ins Co.*, 59 N. H. 143. And as a count cannot be substituted or added unless it could have been originally joined (*Goddard* v. *Perkins*, 9 N. H. 488, 490), there may be a joinder of counts in assumpsit and covenant, or assumpsit and trover, for one cause.

FOSTER, J. If either of the counts in trover or assumpsit had been omitted, it could have been inserted by amendment. *Stebbins* v. *L. Ins. Co.*, 59 N. H. 143; *Merrill* v. *Perkins*, 59 N. H. 343. After the entry of the action, the declaration could be made what it might originally have been. But the statute of amendments, being a reënactment of a common-law judicial duty of disregarding or correcting errors and inefficiencies, does not affect a case like this, in which no amendment is needed. This declaration in trover and assumpsit on a single cause of action is authorized by a general common-law rule, which, in many cases of erroneous or inefficient pleading, operates by amendment, because justice requires an alteration of the pleading, putting it in the form in which it should have been originally drawn. The doctrine of amendments is a mere application of the general law of the original form. That general law would govern in this case if all amendments were constitutionally prohibited. In any suit wherein the common law is not narrowed by legislation, one cause of action may be set out in different forms of action. because, by a fundamental principle, asserted and acted upon at the introduction of common-law modes of pleading and practice, a legal right is entitled to an adequate remedy for its infringement, and to the use of convenient modes of procedure for establishing and defending itself, and obtaining its remedy; and a declaration in different forms, claiming a single right and demanding its remedy, is a convenient mode of procedure, reasonably necessary for the enjoyment of the right. In many cases rights have remedies without any counts or any judicial proceeding, because it would be unreasonable to require a resort to litigation. *Haley* v. *Colcord*, 59 N. H. 7, 9. In such a case as this, there is no restriction of a right of action to one form of

action, because it would be unreasonable, by such a restriction, to subject the right to the hazard of defeat without a trial of the merits. The common law of remedy by process and pleading is as rational as the common law of remedy without process or pleading. In this state legal rights are no longer sacrificed by unauthorized judicial legislation, prohibiting their use of modes of procedure reasonably necessary for their vindication. *Metcalf* v. *Gilmore*, 59 N. H. 417; *Davis* v. *Bradford*, 58 N. H. 476, 480; *Webster* v. *Hall*, ante, 7; *Buzzell* v. *State*, 59 N. H. 61.

*Demurrer overruled.*

STANLEY, J., did not sit: the others concurred.