The plea of fraud need not set forth the names of the creditors, the amounts due them, or the nature or dates of their claims. At the trial term, an order can be made for the defendant to furnish a specification on the subject, if it is needed. The demurrer to this plea is overruled.
The plea of paramount title could be allowed if it would be a just and convenient step of procedure in this case. Metcalf v. Gilmore, 59 N.H. 417,434; Rutherford v. Whitcher, 60 N.H. 110, 112. But the question raised by it cannot be justly or conveniently tried with the other questions. The nature and extent of the controversy are such that the other pleas will be enough for one trial. If the plaintiff prevails on the other pleas, the parties can be heard on a motion of the defendant for a stay of the writ of possession. He might be able to show that he ought not to be ousted before the lapse of a reasonable time for the trial of the question of paramount title, in some other suit, or in this suit on his plea, or on a declaration or bill filed by him as an amendment of his pleadings. For the present, the plea of paramount title is rejected.
Case discharged.
STANLEY, SMITH, and CLARK, JJ., did not sit: the others concurred. *Page 135