Strafford,
No. 4506.

MASSACHUSETTS BONDING & INSURANCE COMPANY

*v.*

F. CLYDE KEEFE, *Special Adm'r.*

F. CLYDE KEEFE, *Special Adm'r*

*v.*

HAROLD W. SKILLINGS *& a.*

Argued November 7, 1956.

Decided November 29, 1956.

*McCabe & Fisher* and *Harold D. Moran* (*Mr. Moran* orally), for the plaintiff.

*Russell H. McGuirk* and *Robert B. Donovan* (*Mr. Donovan* orally), for the defendant.

KENISON, C. J. The first probate appeal raises the question whether the plaintiff's petition to reopen the conservator's account stated a cause of action. The defendant's motion to dismiss the petition is treated here as it was below, as a demurrer to the petition. *Bell* v. *Pike*, 53 N. H. 473, 475. It is alleged in the petition that Harold W. Skillings while serving as conservator was indebted to Sarah A. Rollins on notes totalling several thousand dollars which the petition describes in detail. It further alleges that as conservator he withdrew a savings account of $3,000 of Sarah A. Rollins, that he collected rents, and other moneys belonging to her but that his final account as conservator, which was filed and allowed by the probate court, showed that he had received no assets, had expended no money and that there was no balance in the conservatorship. The petition further alleges that Skillings thereby acted fraudulently, in violation of his fiduciary trust and that the allowance of his account by the probate court was obtained by his fraudulent representations. While the allegations in this petition may not be "model forms of unimpeachable clarity" (*Geers* v. *Geers*, 95 N. H. 316, 317), they were sufficient to establish a

basis for reopening the conservator's account and were understandable to both Court and counsel. *Ayer* v. *Messer,* 59 N. H. 279, 280; *Reed* v. *Prescott,* 70 N. H. 88; RSA 514:8. Although an allegation of fraud couched in general terms is bad on demurrer (*Belisle* v. *Belisle,* 88 N. H. 459, 461), the petition alleged sufficient facts and details of the alleged fraud and breach of fiduciary duty to justify denying the motion to dismiss. *Butler* v. *Legro,* 62 N. H. 350.

The contention that the petition should be dismissed because of the negligence and laches of the plaintiff in not discovering the alleged fraud and breach of fiduciary duty at an earlier date cannot be sustained. The petition was brought within seven months of the appointment of the special administrator which was not an unreasonable time under the circumstances of this case. Anno. 50 A. L. R. 61; *Moore's Appeal,* 112 Me. 119. Furthermore, it may be presumed that both the probate court and the Superior Court were aware of the tangled and unsavory state of the financial affairs of Sarah A. Rollins which resulted in the loss of some of her property and in considerable litigation. *State* v. *Skillings,* 98 N. H. 203; *Towle* v. *Yeaton,* 97 N. H. 427; *Yeaton* v. *Skillings,* 100 N. H. 316. This state of her affairs is an additional reason for not rigidly limiting the time within which the conservator's account could be reopened. By the weight of authority nondisclosure of self-dealing by a fiduciary is a proper reason for reopening a fiduciary's account which has been previously allowed by a probate court. *Donnelly* v. *Ritzendollar,* 14 N. J. 96; Anno. 1 A. L. R. (2d) 1060.

The power of the probate court in this state to reopen a fiduciary's account for good cause was established at an early date. *Kittredge* v. *Betton,* 14 N. H. 401. Good cause may consist of fraud, misrepresentation, self-dealing by the fiduciary, mistake, or any combination of these. *Raymond* v. *Goodrich,* 80 N. H. 215; *Knight* v. *Hollings,* 73 N. H. 495. In the present case the Court has found good cause to reopen the conservator's account and has not accepted the defendant's contentions that the plaintiff was negligent or guilty of laches. This finding is supported by the evidence and must be sustained. *Indian Head Bank* v. *Theriault,* 96 N. H. 23, 27.

The defendant complains of the procedure followed in the Superior Court on the appeal from the probate court's decree allowing the conservator's account to be reopened. It is contended that

the Superior Court "should have heard all arguments as to fact and law anew, disregarding the character of the trial in the probate court .... " *Haley* v. *Shute*, 81 N. H. 252. This contention comes to nothing since the appeal was submitted to the Superior Court by agreement on the transcripts and exhibits produced in the probate court. This agreement necessarily became the law of the trial and is binding on both parties thereto. *Leavitt* v. *Bacon*, 89 N. H. 383; *Yeaton* v. *Skillings*, 100 N. H. 316.

The conservator was under a fiduciary duty to collect and honestly account for all the assets of his ward. *Butler* v. *Legra*, 62 N. H. 350. 4 Bogert, Trusts & Trustees, part 2, *s.* 973, *pp.* 346-347. The conservator was also under a positive duty not to use his ward's assets for his private profit. *Hollis* v. *Tilton*, 90 N. H. 119; Restatement, Trusts, *s.* 170, *comment* 1; *Fisher* v. *Concord Railroad*, 50 N. H. 200, 205. To what extent the conservator has failed in this duty has not been determined by the probate court. However, there is ample evidence in support of some of the allegations in the petition upon which the probate court and the Superior Court could find reasonable ground to reopen the conservator's account for that purpose. II Scott, Trusts (2nd *ed.* 1956) *s.* 220, *p.* 1619.

*Exceptions overruled;*
*appeals dismissed.*

All 'concurred.