Grafton
No. 7709

MICHAEL G. MILNE

v.

BURLINGTON HOMES, INC.

October 24, 1977

*Baker & Page,* of Lebanon (*Mr. Ridler W. Page* orally), for the plaintiff.

*Stebbins & Bradley,* of Hanover (*Mr. Daniel J. Connolly* on the brief and *Mr. John S. Stebbins* orally), for the defendant.

GRIMES, J. The issues in this case are whether the trial court's ruling on a theory of law and use of a remedy not actually pleaded by the plaintiff constitutes reversible error and whether the facts support a finding of a constructive trust. These questions arise out of an action to recover damages based upon plaintiff's failure to receive from defendant a modular home which plaintiff had purchased. There was a trial before the court which rendered a decree in favor of plaintiff. Defendant's exceptions were transferred by *Johnson,* J.

The defendant, Burlington Homes, Inc., of St. Clair, Pennsylvania, is a manufacturer of modular homes. During April of 1974, defendant was contacted by one Gagliardi, who was subsequently made a dealer of Burlington products. Shortly thereafter, plaintiff decided to purchase a home manufactured by the defendant and informed Gagliardi of his desire to do so. He made arrangements to obtain a lot and the home by financing the purchase price through the Federal Land Bank. Plaintiff ultimately received a check from the bank for the home in the amount of $13,500 made payable to plaintiff, his wife, and BEG Homes (one of various corporate names used by Gagliardi). Plaintiff acquired the necessary signatures for a proper indorsement and then sent the check accompanied with a letter notifying defendant to forego delivery until further instructions from plaintiff. Without consulting plaintiff, defendant shipped the modular home to Gagliardi upon instructions from him. Gagliardi subsequently caused the home intended for plaintiff to be delivered to Gagliardi's mother, who encumbered it.

Plaintiff then sued in trespass on the case and assumpsit. The pleadings were amended once to conform to proof obtained through the discovery process and in substance alleged that the defendant

was negligent in hiring Gagliardi, that defendant should be made a trustee of other funds that Gagliardi had transferred to defendant concerning other transactions, and that defendant had breached a contract for the sale of goods or had been guilty of negligence in disregarding delivery instructions. No count alleged that defendant should be made a trustee of funds that plaintiff had transferred to defendant. The trial court issued a decree ruling that defendant held $13,500 "under a constructive trust and that defendant breached this constructive trust by shipping the home under orders of Mr. Gagliardi."

Defendant first argues that the trial court exceeded its authority in returning a verdict for the plaintiff upon an equity theory of constructive trust when such theory was not pleaded. Defendant also asserts that it is entitled to be informed by plaintiff's pleading of the nature of the legal action. *Morency v. Plourde,* 96 N.H. 344, 345–46, 76 A.2d 791, 792 (1950). The question then becomes whether plaintiff's pleadings were of such a nature to adequately apprise defendant of the basis of the dispute. We hold that plaintiff's declaration possessed the necessary elements to notify defendant that plaintiff claimed that he was entitled to the money given to it by plaintiff. Allegations of pleadings are sufficiently clear if they are understandable by the court and counsel. *Massachusetts Bonding Co. v. Keefe,* 100 N.H. 361, 362–63, 127 A.2d 266, 267–68 (1956); RSA 514:8. There can be no argument that counsel for the defendant understood that the control and disposition of $13,500 was the point in issue.

Even though the action was one at law, if it is shown that the plaintiff is entitled to equitable relief instead of the relief sought, the form of action may be changed by amendment and the appropriate relief decreed. RSA 514:9. This court has interpreted RSA 514:9 and its predecessors to allow in a suit at law the filing of a bill in equity as an amendment to a pleading. *Stebbins v. Lancashire Ins. Co.,* 59 N.H. 143 (1879); *Metcalf v. Gilmore,* 59 N.H. 417 (1879); *Owen v. Weston,* 63 N.H. 599, 604, 4 A. 801, 803 (1885). This state has long proceeded on the basis that the division line between equity and law is not precise and that trial courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights. *Exeter Realty Co. v. Buck,* 104 N.H. 199, 200, 182 A.2d 469, 470 (1962); *cf. Dandeneau v. Seymour,* 117 N.H. 455, 374 A.2d 934 (1977).

■■ Defendant also argues that the particular remedy fashioned by the trial court was not proper. Although there is no New Hampshire case decreeing a constructive trust on the exact facts alleged here, we think general equity principles support this result. A constructive trust will be imposed whenever necessary to satisfy the demand of justice since a constructive trust is merely "the formula through which the conscience of equity finds expression." *Beatty v. Guggenheim Exploration Co.*, 225 N.Y. 380, 386, 122 N.E. 378, 380 (1919). The specific instances in which equity impresses a constructive trust are numberless, as numberless as the modes by which property may be obtained through bad faith and unconscientious acts. *Cf. Leonard v. Philbrick*, 106 N.H. 311, 313, 210 A.2d 819, 820 (1965). The trial court as a court of equity may suit remedies to the circumstances of cases and formulate them to safeguard the rights of deserving parties before it. Any attempt to limit the imposition of the remedy of constructive trust to those cases which fall into recurring patterns will fail. Among the numerous bases for a constructive trust is the existence of "circumstances which render it unconscientious for the holder . . . to retain and enjoy the beneficial interest. . . ." 4 J. Pomeroy, Equity Jurisprudence § 1053 (5th ed. 1941); *Patey v. Peaslee*, 101 N.H. 26, 29, 131 A.2d 433, 436 (1957).

■■ The facts in the case at bar clearly are of a nature which permit the constructive trust to stand. It would be unconscientious for the defendant to retain the money and leave to plaintiff the empty remedy of proceeding against Gagliardi. Indeed, to condone such a harsh result would be inconsistent with the established equitable maxim that where one of two innocent persons must suffer by reason of the wrongful act of a third, the one must bear the loss who, by his negligence, made it possible for the third person to commit the wrong. *Howison v. Mechanics Sav. Bank*, 88 N.H. 31, 37, 183 A. 697, 701 (1936); *New Hampshire Sav. Bank v. National Rockland Bank*, 93 N.H. 326, 329–30, 41 A.2d 760, 762 (1945). Here plaintiff placed his confidence in the defendant that the delivery would be made in accordance with his instructions. The situation before us establishes that the plaintiff did not commit any act which would warrant a finding that he should be the one to absorb the loss. On the other hand, defendant released a valuable product to his dealer without following the instructions of the actual purchaser. While the record may be somewhat equivocal

as to the exact language contained in the letter from plaintiff to defendant, due to defendant's inability to produce, the trial court reasonably concluded from all the evidence that the letter requested defendant to await plaintiff's instructions. That determination is binding upon this court where there is evidence to support it. *Eichel v. Payeur*, 107 N.H. 194, 196, 219 A.2d 287, 288 (1966). Clearly defendant was the one individual who could determine the ultimate destination of the modular home.

The objection to the form of action might have been obviated at the trial by an amendment of the declaration adding a count in equity. And because the amendment, if made before the trial, would not have affected the verdict it may be made now without disturbing the verdict. *Merrill v. Perkins*, 59 N.H. 343, 344–45 (1879).

When the amendment is made, there will be

*Judgment on the decree.*

KENISON, C.J., did not sit; the others concurred.