# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0014, <u>Alan Armstrong & a. v. Maria Giakoumakis & a.</u>, the court on October 26, 2018, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case.  <u>See</u> <u>Sup. Ct. R.</u> 18(1).  We affirm.

The defendants, Maria Giakoumakis and Paul Foden, appeal an order of the Superior Court (<u>Anderson</u>, J.) "barr[ing them] from docking a boat in any location that would result in any portion of the boat resting over the extended property line with the" plaintiffs, Alan Armstrong and George Armstrong.  <u>See</u> RSA 482-A:3, XIII(b) (Supp. 2017).  They contend that the trial court erred by:  (1) allowing the plaintiffs to bring an action to enforce RSA 482-A:3, XIII(b); (2) finding that they had not established a prescriptive easement to dock a boat on the plaintiffs' side of the extended property line; (3) not finding that RSA 482-A:3, XIII(b) was a dock-permitting requirement that the New Hampshire Department of Environmental Services (DES) had waived when it granted them a permit to place a dock abutting the extended property line; and (4) not finding that applying RSA 482-A:3, XIII(b) to their dock constituted an unconstitutional retroactive application of RSA 482-A:3, XIII(b) and a taking.

We review a trial court's application of law to facts <u>de novo</u>, but we defer to a trial court's findings of fact, when those findings are supported by evidence in the record and not legally erroneous.  <u>Jesurum v. WBTSCC Ltd. P'ship</u>, 169 N.H. 469, 476 (2016).

In this case, DES granted the defendants a permit to install a 30-foot dock abutting a line extending from their corner boundary with the plaintiffs (extended boundary).  The dock was not "grandfathered" with respect to the requirements of RSA 482-A:3, XIII(b).  There is no dispute that a boat attached to the left side of this dock will cross the extended boundary and encroach upon the waters adjacent to the plaintiffs' shorefront property.  DES specifically informed the defendants that the permit did "not affect the statutory prohibition on securing boats to the permitted dock such that the boat extends beyond the extension of an abutter's property line as set forth in" RSA 482-A:3, XIII(b) and that "DES has no authority to grant a waiver or other exemption from" the statute.

We first address whether the plaintiffs were entitled to bring an action to enforce RSA 482-A:3, XIII(b).  That statute governs the angle at which a dock may extend from shore and provides that, regardless of the angle, "any boat secured

to such a dock shall not extend beyond the extension of the abutter's property line." RSA 482-A:3, XIII(b). RSA 482-A:14-c (2013) provides that, "[i]n addition to any common law remedy, any person who suffers damages as a result of a violation of this chapter . . . may seek compensation from the person who committed the violation." The defendants argue that the plaintiffs could not seek an injunction because RSA 482-A:14-c authorizes only actions for damages. By its express terms, however, RSA 482-A:14-c's remedies apply in addition to common law remedies. Moreover, it is well established that because the use and enjoyment of real property is unique, the superior court's equity jurisdiction extends to the enforcement of private property rights. See Jesseman v. Aurelio, 106 N.H. 529, 532 (1965).

Under the common law, littoral property owners have the right to use and occupy the waters adjacent to their shorefront property for a panoply of recreational purposes. Sundell v. Town of New London, 119 N.H. 839, 844 (1979). These rights may be enforced in equity. Heston v. Ousler, 119 N.H. 58, 62-63 (1979) (affirming that defendant's dock encroached upon plaintiffs' common law littoral property rights when it was located at angle so as to be directly in front of plaintiffs' waterfront); see Milne v. Burlington Homes, Inc., 117 N.H. 813, 815 (1977) (stating division between law and equity is not precise and "trial courts have considerable discretion in determining whether equity should intervene to aid litigants in the protection of their legal rights"). Accordingly, we conclude that the plaintiffs were entitled to seek an injunction barring the defendants from docking boats in the waters adjacent to the plaintiff's shorefront property.

We next address whether the trial court erred by finding that the defendants had not established a prescriptive easement to dock a boat in the water on the plaintiffs' side of the extended water boundary. We share the trial court's "considerable reservations about finding a prescriptive easement" over water in which neither party has a fee interest. However, we will assume, without deciding, that a prescriptive easement could be established under the circumstances of this case. To establish a prescriptive easement, the claimant must show, by a balance of probabilities, twenty years' adverse, continuous, uninterrupted use of the land claimed in such a manner as to give notice to the record owner that an adverse claim was being made to it. Jesurum, 169 N.H. at 476. Whether the claimant's use was continuous is a question of fact. Weeks v. Morin, 85 N.H. 9, 12 (1931); see Mahoney v. Town of Canterbury, 150 N.H. 148, 150 (2003) (stating whether highway created by prescription is finding of fact).

In this case, the trial court found that the defendants failed to establish that they and their predecessors-in-interest docked boats in the waters adjacent to the plaintiffs' shorefront property for 20 years continuously. The trial court rested its finding that the defendants' use was not continuous primarily upon

photographs showing the dock over the years in various locations on the defendants' lot and on the plaintiffs' exclusive permissive use of the dock in the 2000s.

The defendants argue that, given that their water frontage was only 18 feet, in all the dock's various locations some small portion of a boat docked on the left side necessarily would have extended into the water in front of the plaintiffs' shorefront. However, the trial court declined to "predicate an award of a prescriptive easement over one area based on a potentially de minimus use of only a small portion of the disputed area." Furthermore, the trial court could have reasonably determined that such a minimal encroachment was inadequate to place the plaintiffs on notice of the adverse use. Cf. Jesurum, 169 N.H. at 477 ("Use is trespassory if it consists of a wrong which the fee holder can prevent or for which he can obtain damages by means of legal action."). Based upon this record, we conclude that the trial court's finding that the defendants failed to establish continuous use of the water adjacent to the plaintiffs' shorefront was supported by the evidence and not legally erroneous. See id. at 476.

Finally, we address whether the trial court erred by not finding that: (1) RSA 482-A:3, XIII(b) was a dock-permitting requirement that DES waived when it issued the defendants' permit, but see Appeal of Michele, 168 N.H. 98, 104 (2015) (stating that DES's authority to regulate docks does not divest courts of jurisdiction to decide underlying property rights); and (2) the defendants had a vested right to dock boats on the left side of their dock in its permitted location that predated the enactment of RSA 482-A:3, XIII(b) and, thus, the statute's retroactive application constituted an unconstitutional taking.

The defendants have not identified where they made these arguments in the trial court. See Blagbrough Family Realty Trust v. A & T Forest Prods., 155 N.H. 29, 35 (2007). The trial court must have had the opportunity to consider any issues asserted by the appellants on appeal. To satisfy this preservation requirement, any issues that could not have been presented to the trial court prior to its decision must be presented to it in a motion for reconsideration. Super. Ct. Civ. R. 12(e); see N.H. Dep't of Corrections v. Butland, 147 N.H. 676, 679 (2002). When a party fails to demonstrate that it raised an issue before the trial court, the issue is not preserved. Blagbrough, 155 N.H. at 35. Accordingly, we decline to address these arguments.

Any remaining issues raised by the defendants in their brief are either not sufficiently developed, see State v. Blackmer, 149 N.H. 47, 49 (2003), or otherwise do not warrant further discussion, see Vogel v. Vogel, 137 N.H. 321, 322 (1993).

3

To the extent that the plaintiffs move to amend their complaint, this motion is not properly directed to us.

Affirmed.

Lynn, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Eileen Fox,**
**Clerk**